Charles A.D. BLISS and Sharon BLISS *v.*
STATE of Arkansas

CR 83-116                                    668 S.W.2d 936

Supreme Court of Arkansas
Opinion delivered April 30, 1984

316

*Janice Williams Wheeler,* and *Wayne R. Williams,* for appellant.

*Steve Clark*, Atty Gen., by: *Alice Ann Burns*, Dep. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellants were tried in the Circuit Court of Polk County, Arkansas, on a change of venue from Montgomery County, where the alleged offenses arose. They were convicted of rape and sentenced to 50 years. On appeal the appellants complain that the court erred: (1) in failing to quash the informations; (2) in denying the request for a bill of particulars; (3) in denying a hearing on their motion to suppress; (4) in failing to disqualify or recuse from the motion to suppress; (5) in admitting improper photographs; (6) in allowing improper impeachment; (7) in failing to grant a mistrial; (8) in admitting improper hearsay evidence; and (9) in failing to direct a verdict because of insufficiency of evidence. We find prejudicial error and reverse and remand for a new trial.

Charles A. D. Bliss is married to Sharon Aneta Bliss, the mother of a juvenile son. In October of 1978, the child was removed from appellants' home by the juvenile authorities. The matter was presided over in the Montgomery County Chancery Court with the Hon. Gayle Ford, Chancellor, presiding. The hearing related to allegations of sexual abuse of the male child by both the mother and step-father, appellants in the present case. Chancellor Gayle Ford placed the child in the custody of his natural father. When the natural parents of this male child were divorced custody was granted to the appellant, Sharon Bliss.

On January 25, 1983, the appellants were charged in separate informations with the rape of the minor child by sexual intercourse or deviate sexual activity. Because of the notoriety and publicity, a change of venue from Montgomery County to Polk County was granted. The cases were consolidated for trial before the Hon. Gayle Ford, Circuit Judge. (Judge Ford serves a district where he is both Circuit Judge and Chancellor.)

A number of pretrial motions including a motion to suppress evidence and a motion for a bill of particulars were

heard by the court. The motion to suppress involved photographs and other evidence obtained by the use of a search warrant which had been issued by Judge Gayle Ford. The bill of particulars specifically sought to determine which part of the Arkansas rape statute was involved as to each of the appellants. Arkansas Stat. Ann. § 41-1803 (Repl. 1977 and Supp. 1983) states that a person commits rape if he engages in sexual interourse or deviate sexual activity with a person who is less than 11 years of age. At the time the offenses were alleged to have occurred, this child would have been under 11 years of age. Sexual intercourse is defined as penetration, however slight, of the vagina by a penis. On the other hand, deviate sexual activity is descried as sexual gratification by penetration, however slight, of the anus or mouth of one person by the penis of another.

At a hearing on the motion to suppress the trial judge stated he would have to recuse in the matter. Appellants also suggested recusal by the court. A ruling on this motion was not made until the trial was well in progress. Judge Ford did not recuse himself apparently because he suppressed the evidence; yet he allowed the state to use a number of the seized photographs for impeachment purposes. Over appellants' objections, the photographs were presented to the jury for inspection. Appellants were both found guilty of rape and Judge Ford sentenced each of them to 50 years and a $15,000 fine.

Appellants' first argument is that the trial court erred in failing to quash the informations. This argument alleges prejudice resulted when the prosecuting attorney failed to furnish the appellants a bill of particulars. They anticipated the bill would inform each of the defendants which part of Ark. Stat. Ann. § 41-1803 they had allegedly violated. Appellants made a motion to dismiss and a motion for a directed verdict at the close of the state's case. The motion for directed verdict was renewed at the close of all the evidence. Although the record does not reveal the date or time, the court informed appellants that their motion to dismiss had been overruled and that no evidence in support of the motion could be presented at the trial. The jury was instructed on both sexual intercourse and deviate sexual

activity. There was no indication in the instructions nor on the verdict forms to indicate of which offense each appellant was found guilty.

The second point argued by the appellants is interwoven with the first point. Appellants contend that they were prejudiced by the failure of the state to furnish a bill of particulars. Arkansas Stat. Ann. § 43-1006 (Repl. 1977) provides that an indictment need not necessarily include a statement of the specific acts constituting the offense. However, upon the request of an accused the state must file a bill of particulars setting out specific acts it relies upon for conviction. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). The request for a bill of particulars was specifically made. It was not complied with as required by Ark. Stat. Ann. § 43-1006. Therefore, it was prejudicial error to fail to furnish the appellants with a bill of particulars.

The third point argued for reversal is based on prosecutorial delay. The child was removed from the home of the appellants on October 10, 1978. The informations against the appellants were filed on January 5, 1983. A delay of over 4 years is generally prejudicial. In this case the prosecuting witness in the 1978 custody hearing had disappeared at the time of the trial. In fact this witness was also a complaining witness in the present criminal action. Both the defense and the state had issued subpoenas for the witness, Judy Gibbs. The appellants' subpoena was returned with the notation, "Not able to locate." The state's subpoena for this witness was directed to Russell Welch and returned with the notation, "Advised Russell." Mr. Welch was a state police criminal investigator operating out of the Polk County Courthouse. Judy Gibbs was named in the affidavit for a search warrant as a person having knowledge of the guilt of appellants. The search warrant was issued by Judge Ford, based partially upon what Judy Gibbs stated. Between the change of custody order and the arrest in the present case the appellants had resided at the same address. The appellants argued the absence of the prosecuting witness, Judy Gibbs, and others caused prejudice to their defense. During the time between the two trials appellant Charles Bliss's parents, Emerson and Winifred Bliss, had died as had Wayman Gibbs, the father of appellant Sharon Bliss. The psychiatrist

who examined the minor David Alan Bliss in October of 1978, is also deceased. Finally, appellants were unable to locate Dr. S. F. Fowler, M.D., whom they alleged would testify that appellant Charles Bliss had been impotent since childhood. The statute of limitations for rape is 6 years. Arkansas Stat. Ann. § 41-104 (2) (a) (Repl. 1977 and Supp. 1983). Therefore, the prosecution was commenced well within the statutory time. There is no doubt that in some instances prosecutorial delay may cause prejudicial error thereby requiring a dismissal of charges. *United States* v. *Lovasco,* 431 U.S. 783 (1977). We have held that the prosecution cannot delay filing of charges in order to gain a tactical advantage over the accused. *Scott* v. *State,* 263 Ark. 669, 566 S.W.2d 737 (1978). In *Scott,* we held that if it cannot be shown that the state had good cause for the delay in filing charges against a defendant the charges should be dismissed. Simply because the statute of limitations does not run for a certain period of time does not justify the state in unduly delaying the bringing of charges. In the interest of fundamental fairness the state should proceed with prosecution as soon as possible. Had the parents of the appellants lived to testify it is apparent they would have testified to matters which they heard and observed. It is equally obvious that the appellants would not have performed sexual intercourse or deviate sexual activity in the presence of the child's grandparents. We also consider that the victim was 8 years of age at the time he was removed from appellants' home. Tests indicated he was confused and possibly borderline mentally retarded. Also at that time he equivocally denied the allegations made against the appellants. He was placed in a foster home and later with his biological father. At the time of the trial he was 13 years of age. The charges were filed on January 25, 1983, after appellant Sharon Bliss had followed her son's school bus and attempted to make contact with him. It may have been that these charges would not have been filed had the mother not attempted to contact her son. Although the delay was unusually long we cannot say that the prosecution delayed in order to gain a tactical advantage over appellants. Therefore, under the circumstances of this case we do not find that the state created prejudicial error in failing to bring charges against the appellants at an earlier date.

It is next argued that the trial court erred in failing to hold a pre-trial hearing on the appellants' motion to suppress and in failing to recuse on the matter contained in the motions to suppress. The record reflects that the Hon. Gayle Ford, Circuit Judge, signed the search warrant. The court announced a ruling during the trial whereby he suppressed the evidence obtained by use of the search warrant. Although the court suppressed the evidence the state was still allowed to introduce many of the pictures obtained by the search. The photographs were admitted under the guise of rebuttal evidence. The photographs were introduced ostensibly to rebut the testimony of appellants Charles Bliss and Sharon Bliss. Both Charles and Sharon testified that she had never had sex, during their marriage, with anyone except her husband. The photographs were very suggestive and apparently attempted to simulate acts of sexual intercourse between Sharon Bliss and others. Charles Bliss was an experienced photographer and he stated in the hearing that the pictures were simulations. By examining the photographs it is fairly obvious that the pictures were what Charles Bliss stated they were. All of the photographs introduced were made in 1982 and none of them involved the victim in this case. The child had not been in the home after October, 1978. These photographs did not contradict the testimony of either appellant.

Appellants argue the court should have recused on the hearing to suppress. We stated in *Adams* v. *State,* 269 Ark. 548, 601 S.W.2d 881 (1980) that Canon 3C of the Code of Judicial Conduct is applicable to criminal cases as well as civil cases. This Canon applies even though no request to disqualify and no objection to the failure to disqualify is necessary. We think the rule applied in *Adams* is equally applicable to the present case. The trial judge was required to rule upon the validity of a search warrant which he had issued. We think the trial judge should have recused as he had earlier indicated he intended to do.

The seventh point argued by appellants is that the state failed to properly comply with discovery. Although the facts are not entirely clear as to exactly what material was furnished to the appellants we are of the opinion that this

matter will not be presented on re-trial of the case since appellants now have the material they sought.

Another argument by appellants is that the trial court improperly permitted impeachment of appellant Dale Bliss's testimony. This argument is closely related to the earlier discussion concerning the motion to suppress. The photographs discussed earlier were used for the purpose of impeaching Charles Bliss's testimony. We have discussed this under an earlier argument. Although the trial court admonished the jury that the photographs were admitted solely for the purpose of impeachment and not as evidence of guilt, we are of the opinion that their probative value is outweighed by the prejudicial effect upon the jury. *Roberts v. State*, 278 Ark. 550, 648 S.W.2d 44 (1983); Unif. R. Evid. 403.

The appellants argue that the court should have granted a mistrial after the prosecutor asked if a mirror had been removed from appellants' home after a search was made. At the request of the appellants the court admonished the jury to disregard any reference to a search. Usually, an admonition by the court to the jury to disregard a particular comment is sufficient to cure the improper comment. *Cary v. State*, 259 Ark. 510, 534 S.W.2d 230 (1976). The comment will no doubt not be repeated at the next trial.

Another argument contests the sufficiency of the evidence. Without detailing the evidence, we think there certainly was substantial evidence to support the convictions. However, some of the evidence was inadmissible and without it the result could be different. We will not anticipate the sufficiency of the evidence at the next trial because it may vary from that presented at the first trial.

It is argued that the court improperly admitted a psychiatrist's report and letter. This report was presented by a former deputy prosecuting attorney at the omnibus pre-trial hearing. The report indicated that the victim was too emotionally unstable to testify at the time of the report in October, 1978. At the time this hearsay evidence was admitted, it went to the question of whether the state was

guilty of prosecutorial delay. Hearsay is a statement made by someone other than the declarant offered to prove the truth of the matter stated. Unif. R. Evid. 801 (c). We have held that where such testimony was offered to show a course of conduct or the basis of action it should not be excluded under Rule 801 (c). *Jackson* v. *State*, 274 Ark. 317, 624 S.W.2d 437 (1981). Since this statement was introduced only for the purpose of overcoming a charge of prosecutorial delay it was not introduced to prove the matter stated. It was not prejudicial error to introduce the letter at the hearing on the motion to dismiss for prosecutorial delay.

Reversed and remanded.

HICKMAN, J., dissents.

HAYS, J., dissents.