Charles A.D. BLISS and Sharon BLISS *v.* STATE of
Arkansas

CR 85-194                                          708 S.W.2d 74

Supreme Court of Arkansas
Opinion delivered April 21, 1986
[Rehearing denied May 27, 1986.*]

---

* Purtle, J., not participating.

*Janice Williams Wheeler* and *C.P. Christian*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a second appeal. In 1983 the appellants Charles and Sharon Bliss, husband and wife, were separately charged with the rape of Sharon's son, who was seven or eight years old when the acts occurred. The child was

Charles's stepson. The original informations charged each defendant with rape by sexual intercourse or by deviate sexual activity.

The two cases were consolidated before the first trial, at which the jury found each defendant guilty of rape. Upon the first appeal we held that the trial judge had erred in not requiring the prosecutor to file a bill of particulars and in not recusing with respect to a motion to suppress a search conducted on the authority of a warrant issued by the judge himself. *Bliss and Bliss v. State*, 282 Ark. 315, 668 S.W.2d 936 (1984). On remand the prosecutor promptly filed a bill of particulars, charging Charles with rape by deviate sexual activity and Sharon with rape by sexual intercourse or by deviate sexual activity.

At a second trial the defendants were again found guilty. Each was sentenced to life imprisonment and a $15,000 fine. Eight grounds for reversal are argued in the appellants' brief. We perceive no prejudicial error in the points that are presented or in any other objection abstracted for our consideration.

The sufficiency of the evidence not being questioned, we need not narrate the testimony in detail. The State's proof showed that the criminal acts extended over a substantial period of time. Both defendants engaged in deviate sexual acts with the child, and Sharon also had sexual intercourse with her son. Eventually the child was placed in the custody of his own father.

The first point for reversal, applicable only to Sharon, and a second point, applicable to both appellants, present the same misconception of law and may be answered together. It is argued on the authority of *Clayborn v. State*, 278 Ark. 533, 647 S.W.2d 433 (1983), that rape by sexual intercourse and rape by deviate sexual activity are two separate crimes. Hence it was error, Sharon insists, for the trial court to submit to the jury the charge of rape by sexual intercourse "and/or" by deviate sexual activity. Both defendants argue that the second trial constituted double jeopardy, because it is impossible to determine from the jury's general verdicts at the first trial which form of rape the jury found each defendant to have committed. Therefore, it is contended, the second jury may have found each guilty of a crime of which he or she had been found not guilty at the first trial.

■   The fallacy in these arguments is that rape, as defined by our statute, is not two different crimes. It is one crime that may be committed by two different acts. Comparably, an autopsy of a murder victim's body might disclose a stab wound and a gunshot wound, either of which may have been fatal if inflicted in quick succession. Obviously the State could list both possibilities in a bill of particulars, and the jury could be instructed accordingly.

Here the prosecuting attorney, in filing the required bill of particulars, put the defendants on notice of his position: "The State contends that there is only one crime of rape under the statutory law of the State of Arkansas, and that the crime of rape can be committed either [by sexual intercourse or by deviate sexual activity]. The State contends further that an alternative or disjunctive charging of the crime of rape by either sexual intercourse or deviate sexual activity is adequate, proper and sufficient notice to the defendant so charged." There follows a request that the jury be so instructed, which was eventually done.

The prosecutor's position was correct. Two months after that bill of particulars was filed in the trial court we took a similar position in *Wood* v. *State*, 287 Ark. 203, 697 S.W.2d 884 (1985). We put the matter finally at rest in *Cokeley* v. *State*, 288 Ark. 349, 705 S.W.2d 425 (1986), expressly overruling the *Clayborn* decision, *supra*. Thus the defendants were fully informed of the State's position before the trial. The two arguments for reversal are without merit.

Two other points urged by the appellants may be discussed together. In our first opinion we held that Judge Ford should not have presided at the motion to suppress. He actually granted the motion—an action that was favorable to the defense—but the State was allowed to introduce on rebuttal a number of photographs that were discovered during the search. None of those photographs were offered at the second trial.

Before the retrial, defense counsel asked for a hearing on the motion to suppress the evidence seized during the search. This time the State did not contest the motion. Judge Ford offered to have another judge sign an order granting the motion, but that did not satisfy defense counsel. She insisted upon a hearing, so that she could be certain about what had been discovered during the search. The judge pointed out that he could not compel the State

to produce evidence with respect to a motion it was not contesting. There was a mild exchange of remarks between Judge Ford and defense counsel, during which the judge said to her that his remarks might be prejudicial "if you were on trial, but you are not on trial."

■ During that colloquy defense counsel made an oral request that Judge Ford recuse for the whole case. The request appears to have been made solely as a result of the colloquy. The judge observed that his remarks had been invited. The request for recusal was not granted. Our study of the record convinces us that there was no reason for Judge Ford to grant counsel's oral motion that he recuse from the entire case. Rather to the contrary, the judge exhibited a great deal of patience in the matter. There is no instance in which it is suggested that he acted with unfairness toward the two defendants.

■ In the related point it is argued that since there was no hearing on the motion to suppress, counsel could not be sure in advance that the State would not introduce evidence obtained during the search. A complete answer is that no such evidence was in fact introduced or even offered. Evidence discovered during the search would necessarily have been tangible, not testimonial, but the only four exhibits introduced by the State were three juvenile court orders and a custody agreement. It would be pointless for us to order a new trial on the basis of a fear that never materialized.

■■ In the appellants' fifth point it is argued that three jurors should have been excused for cause. The statute provides that an attorney and client relationship may be a basis for a finding of implied bias. Ark. Stat. Ann. § 43-1920 (Repl. 1977). One juror said that her husband and son had been represented by the prosecuting attorney in a property matter, and another said the prosecutor had represented her adult daughter two years earlier. The trial judge did not abuse his discretion in denying the challenges for cause, for the jurors did not appear to be biased. A third juror was married to a police officer, but she served only as the alternate juror and did not participate in the deliberations. No error is shown.

■ The court properly denied a request that the two defendants be tried separately. At the first trial they were tried together with no suggestion of any resulting prejudice. Their

defenses were not antagonistic, being general denials that the rapes took place. Neither defendant chose to testify. The argument in favor of a severance is unsupported by reference to any specific fact indicating that either defendant suffered prejudice from the joint trial.

■ A seventh point, concerning asserted misconduct on the part of jurors, hardly deserves discussion. After the trial the defense filed a motion for a new trial, attaching three affidavits. Two of the affidavits had no real substance. The third said that during a lunch hour the affiant had heard two jurors discussing a witness, about whom one juror made a derogatory remark. The court conducted a hearing at which both the jurors testified. They denied any impropriety and explained the incident to the court's satisfaction. Their testimony was practically undisputed, as the affiant was not called to contradict it. No prejudicial error appears.

In the final point it is asserted that the court allowed the State to introduce inadmissible hearsay evidence. A youthful witness for the prosecution, Daniel Matheny, admitted on cross examination that he had not told the truth when he first talked to a police officer. On redirect examination the court permitted him to explain that his parents had not wanted him to come to Arkansas to testify, because they said he had been emotionally disturbed by his exposure to sexual experiences at the Blisses' home. The court permitted the testimony, not to show that his parents' statements about his sexual experiences were true, but only to show that the statements had been made, explaining his motive in not telling the officer the truth.

■■ The court's ruling was correct. A statement is not inadmissible as being hearsay if it is not offered to prove the truth of the matter asserted. Uniform Evidence Rule 801(c); *Jackson v. State*, 274 Ark. 317, 624 S.W.2d 437 (1981). Since the testimony was admissible for one purpose, the defendants' objections were insufficient without a specific request that the court instruct the jury to consider the testimony only for its admissible purpose (to show motive). *Chisum v. State*, 273 Ark. 1, 616 S.W.2d 728 (1981). There was no request for such a limiting instruction.

Affirmed.

552

PURTLE, J., not participating.

DUDLEY, J., concurs.