Fred Roosevelt DANDRIDGE *v.* STATE of Arkansas

CR 86-190                                          727 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered April 27, 1987
[Rehearing denied May 26, 1987.]

## ERRATA

*292 ARKANSAS REPORTS at page 41*

Detach at perforation, moisten the back, and paste over the first two lines of the second full paragraph of the text of the opinion in *Dandridge v. State* on page 41:

The victim was a high school student, who was raped twice, once on May 22, 1985 and again on September 11, 1985. The first

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Fred Roosevelt Dandridge was convicted by a jury of two counts of rape, two counts of kidnapping, terroristic threatening and a felon in possession of a gun. He was sentenced to a total of 182 years imprisonment. On appeal he objects to certain testimony as hearsay and to a remark made by the prosecuting attorney during closing argument.

The victim was a high school student, who was raped twice, once on May 22, 1985 and again on September 22, 1985. The first rape occurred when Dandridge forced the victim at gunpoint into his car, drove her to a nature trail behind the high school, and raped her. A witness, Barbara Montague, was driving near the school about 4:15 p.m. and saw the victim stumbling along the road. She stopped and found the victim crying and hysterical. The victim was holding her stomach and her shirt and pants were open. The victim told Mrs. Montague that a man held a gun on her and raped her. Dandridge objected to the statement as hearsay. The trial judge held the statement admissible as an excited utterance.

The record reflects the rape occurred about one half hour or less before the statement was made. The victim was crying and hysterical. We find no abuse of the trial court's discretion in finding the testimony admissible. *Fountain v. State*, 273 Ark. 457, 620 S.W.2d 936 (1981); *Burris v. State*, 265 Ark. 604, 580 S.W.2d 204 (1979).

■ Montague drove the victim to a grocery store to call her father. Montague testified that the victim became upset because she thought a car, which was parked next door, belonged to her assailant. Dandridge also objected to this statement as hearsay. We do not agree. It was not offered to prove the car belonged to her assailant but to show that the victim made the statement and was upset. A.R.E. Rule 801(c); *Bliss* v. *State*, 288 Ark. 546, 708 S.W.2d 74 (1986).

The second rape occurred when Dandridge and another male forced the victim into their car and took her to the same nature trail. Dandridge held her while the other male raped her. Two days later the victim and some of her friends saw Dandridge drive by the school and pull into the parking lot. The victim became upset and went inside the school. One of her friends started to follow her, but Dandridge grabbed her, threatened her, and told her not to tell the victim his name. The friend, however, did identify Dandridge to the victim. On that same day, Carol Kimble, a deputy sheriff, showed the victim a series of photographs of different men. The victim identified Dandridge.

During cross-examination, Kimble was asked whether another student had identified Dandridge to the victim. Kimble did not believe so. On redirect examination, Kimble said Dandridge was in the lineup because other students had said that "Little Fred" (Dandridge) was the person involved in the incident at school that day. The defense objected to this testimony as hearsay.

■ This was not hearsay. An out of court statement is not hearsay if it is offered to show the basis of action. A.R.E. Rule 801(c); *Bliss* v. *State*, 282 Ark. 315, 668 S.W.2d 936 (1984); *Jackson* v. *State*, 274 Ark. 317, 624 S.W.2d 437 (1981). The credibility of the photographic lineup was being challenged, and Officer Kimble was explaining why Dandridge was included in the lineup.

■ The trial court first ruled it was not hearsay. Later the court corrected itself and ruled it was not prejudicial error because other references were previously made to the same statement. We do not reverse a judgment because a trial judge uses the wrong reason to reach the right result. *Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985).

During the prosecuting attorney's closing argument, he referred to Dandridge as a "gross animal." A mistrial motion was denied, but the jury was admonished to disregard the remark. The remark was improper but cured by the admonishment. *Bliss* v. *State, supra; Moore* v. *State*, 251 Ark. 436, 472 S.W.2d 940 (1971); *Henshaw* v. *State*, 67 Ark. 365, 55 S.W. 157 (1900).

Affirmed.