**Sharon Anita BLISS, Appellee,**

v.

**A.L. LOCKHART, Superintendent of the Arkansas Department of Corrections, Appellant.**

**No. 88–2801.**

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1989.

Decided Oct. 25, 1989.

As Modified on Denial of Rehearing Jan, 5, 1990.

**1336**

Olan W. "Butch" Reeves, Little Rock, Ark., for appellant.

Q. Byrum Hurst, Jr., Hot Springs, Ark., for appellee.

Before BEAM, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

A.L. Lockhart, Director of the Arkansas Department of Corrections, appeals from a

district court[1] order granting relief to Sharon Anita Bliss on her petition for a writ of habeas corpus. The district court's order directed the State of Arkansas to retry Mrs. Bliss within ninety days; otherwise, the writ of habeas corpus would issue. Lockhart contends the district court erred in granting relief without conducting an evidentiary hearing and because Mrs. Bliss' claims were procedurally barred. We reject these contentions and affirm.

## I. BACKGROUND

Sharon Anita Bliss and her husband, Charles Dale Bliss, were convicted in a joint trial of rape of Mrs. Bliss' minor son and sentenced to fifty years imprisonment each. The Arkansas Supreme Court reversed both convictions. *Bliss v. State,* 282 Ark. 315, 668 S.W.2d 936 (1984) (*Bliss I*). Upon retrial, both were convicted and received life sentences. The Arkansas Supreme Court affirmed Mrs. Bliss' second conviction, *Bliss v. State,* 288 Ark. 546, 708 S.W.2d 74 (1986) (*Bliss II*), and denied her motion for post-conviction relief. *Bliss v. State,* 291 Ark. 184, 723 S.W.2d 1 (1987) (per curiam). In the above trials, the Blisses were represented by the same attorney. A motion to sever was denied at the second trial.

Mrs. Bliss subsequently filed this habeas petition, alleging that the joint representation violated her sixth amendment right to counsel and that prosecutorial misconduct occurred which violated her fifth amendment right to confront witnesses against her. Pending final action on her petition, Mrs. Bliss applied for release on bail and received a hearing.

At this bail hearing, the magistrate[2] received unrebutted testimony from Mrs. Bliss, from a clinical psychologist, from a person able to guarantee Mrs. Bliss' bond and from the key witness for the prosecution in the state criminal trials. This prosecution witness had lived in the Bliss household for a year. From this testimony, the magistrate found that Mrs. Bliss was un-

der the total control and domination of her husband, that a coercion or duress defense should have been presented by her attorney, and that Mrs. Bliss should have received separate counsel and a separate trial. The magistrate further rejected as specious the opinion of the Arkansas Supreme Court that the joint trial did not constitute error. *See Bliss* II, 708 S.W.2d at 77. The magistrate concluded that Mrs. Bliss may have been denied effective assistance of counsel and due process of law. He recommended granting the writ on substantive grounds but recognized that the petition presented an exhaustion of state remedies problem.

The district court adopted the magistrate's findings and conclusions in part, rejecting the conclusion that the Arkansas Supreme Court's reasoning on the separate trial issue was specious. On this issue, the district court determined that the state court's opinion was facially correct because the Blisses appeared to present the same defense and displayed no animosity toward each other at trial. However, the state court opinion did not deal with Mrs. Bliss' claim of coercion or duress.

The district court found that Mrs. Bliss' claim of coercion or duress was properly raised in her habeas petition through the claim of ineffective assistance of counsel and, therefore, could be resolved in the federal habeas proceeding. Additionally, the district court found that Mrs. Bliss had exhausted her state remedies.

In reaching the merits, the district court considered the trial transcript, the testimony before the magistrate and affidavits of Mrs. Bliss' trial attorney and the key prosecution witness, which indicated that Mrs. Bliss' trial attorney knew of some information implicating a potential conflict of interest. The district court concluded that a reasonable investigation by Mrs. Bliss' trial counsel would have revealed the conflicting interests between Mrs. Bliss and her hus-

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. The Honorable John Forster, United States Magistrate for the Eastern District of Arkansas.

band, thereby precluding joint representation.

Applying the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the court ruled that Mrs. Bliss' trial attorney rendered ineffective assistance of counsel and that "but for" this ineffectiveness, a reasonable probability existed that the result of the proceeding would have been different. As we have noted, the court directed the State to retry Mrs. Bliss within ninety days; otherwise, the writ of habeas corpus would issue.

In considering the bail request, the district court agreed with the magistrate's conclusion that Mrs. Bliss had met the requirements of *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir.1986), that she show a substantial federal constitutional claim that is clear on both the law and the facts. The court further ruled that the interests of justice required that Mrs. Bliss be given the opportunity to seek bail in state court and ordered the State to afford Mrs. Bliss this opportunity.

Lockhart moved for reconsideration and alternatively for a new trial, asserting that Mrs. Bliss had failed to meet her burden of proof and that he was entitled to an evidentiary hearing on the habeas claim. The district court denied the motion, reasoning that the record clearly reflected the conclusion of ineffective assistance of counsel and that this conclusion warranted habeas relief.

This appeal followed.

## II. DISCUSSION

Lockhart argues that the district court abused its discretion in granting habeas relief without first conducting an evidentiary hearing. He asserts that the evidence presented at the bail hearing was insufficient to warrant habeas relief and that an evidentiary hearing is necessary so that Mrs. Bliss' trial counsel may testify regarding the conflict of interest issue. He requests this court to remand the case and order the district court to hold an evidentiary hearing.

An evidentiary hearing in a habeas case is mandatory in certain, but not all, instances. *See* 28 U.S.C. § 2254 (1982); *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). For example, an evidentiary hearing must be held where both the petitioner's allegations, if proved, would entitle her to relief and where the facts are in dispute, *Ford v. Wainwright*, 477 U.S. 399, 410–11, 106 S.Ct. 2595, 2602–03, 91 L.Ed.2d 335 (1986), or where the claims cannot be resolved on the basis of the record. *Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir.1986).

In this case, a further evidentiary hearing is not warranted. The evidence from the bail hearing presented to the district court included the magistrate's report of live testimony, the trial transcript, the pleadings and an affidavit by Mrs. Bliss' trial counsel. That record amply supports the district court's award of habeas corpus relief.

Lockhart has not presented to this court, nor did he present to the district court, any showing that he was deprived of an opportunity to present evidence at any stage in these proceedings. Lockhart's assertion that live testimony of trial counsel is necessary to resolve the conflict of interest issue carries little weight absent some showing that such testimony would conflict with the record made in this case. Moreover, even if a contrary view were expressed by counsel for the Blisses, that view could not alter the clear record here which shows that counsel made no investigations of the potential or actual conflict of interest between the Blisses.

No additional hearing is necessary where, as here, the magistrate considered the substance of Mrs. Bliss' constitutional claims during the bail hearing, which hearing requires the petitioner to meet a high burden of proof. *Martin*, 801 F.2d at 329. The magistrate and district court concluded that Mrs. Bliss met that difficult burden of proof through the production of clear evidence and we agree. Therefore, Lockhart's argument for an additional hearing must fail.

Lastly, Lockhart argues that Mrs. Bliss procedurally defaulted on her constitutional claims because she never raised them on appeal or through post-conviction relief efforts and therefore the district court erred in even considering them. Furthermore, he asserts that no facts were shown which would support the cause and prejudice exception to procedural default. Mrs. Bliss responds by admitting that she procedurally defaulted but argues that she has met the cause and prejudice exception.

■ Generally, a habeas corpus petitioner is procedurally barred from litigating a constitutional claim in federal court if she has failed to raise the claim in a prior state court proceeding. *Engle v. Isaac,* 456 U.S. 107, 110, 102 S.Ct. 1558, 1562–63, 71 L.Ed.2d 783 (1982); *Leggins v. Lockhart,* 822 F.2d 764, 766 (8th Cir.1987), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988). A petitioner may be excused this procedural default, however, if she is able to establish both cause for the default and resulting prejudice. *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2643–44, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977).

■ Ineffective assistance of counsel may serve as cause for a procedural default only if it amounts to constitutional ineffectiveness under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Carrier,* 477 U.S. at 488–89, 106 S.Ct. at 2645–46; *Wright v. Lockhart,* 854 F.2d 309, 311 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 2077, 104 L.Ed.2d 642 (1989). Once cause is established, actual prejudice must be shown. *Mercer v. Armontrout,* 864 F.2d 1429, 1434 (8th Cir. 1988).

■ Appellate review of a grant of habeas corpus relief on the grounds of ineffective assistance of counsel entails independent review of the district court's conclusion because the issue of ineffective assistance of counsel presents a mixed question of law and fact. *Laws v. Armontrout,* 863 F.2d 1377, 1381 (8th Cir.1988) (en banc), *cert. denied,* —— U.S. ——, 109 S.Ct. 1944,

104 L.Ed.2d 415 (1989). The district court's factual findings on this issue, however, are subject to the clearly erroneous standard of review. Fed.R.Civ.P. 52(a); *Laws,* 863 F.2d at 1381.

We briefly review the proceedings and factual basis for the district court's grant of habeas relief. The magistrate, after a hearing, presented the district court with two options:

(1) If the Court views the case as procedurally deficient and of equivocal or questionable strength, then the Court should (a) dismiss the case for failure to exhaust, or (b) continue the case until the Petitioner has exhausted state remedies and thus ripened the issues for Federal review.

(2) If the Court sees Petitioner's case as quite strong, then the Court can retain it and proceed to grant relief (if appropriate after a plenary hearing) where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Bliss v. Lockhart,* No. PB–C–88–326 (Magis.E.D.Ark. filed Aug. 29, 1988) (citations omitted), *reprinted in* Joint Appendix A–63, A–68, *Bliss v. Lockhart* (No. 88–2801). The State objected to the magistrate's recommendations, making the following observation:

Neither of the issues raised by petitioner now were presented at trial or on direct appeal of her conviction, or on her Rule 37 petition, thus these issues are not properly before this court. *Wainwright v. Sykes,* 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977); *Leggins v. Lockhart,* 822 F.2d 764 (8th Cir.1987). She has not alleged cause for her procedural default and must have raised that as an independent claim in state court before she can allege it is cause for her procedural default. *Murray v. Carrier,* 477 U.S. 478 [106 S.Ct. 2639, 91 L.Ed.2d 397] (1986). This is so whether the claim is ineffective assistance or is alleged to be cause for the procedural default. *Laws v. Armontrout,* 834 F.2d 1401 (8th Cir.1987); *Smittie v. Lockhart,* 843 F.2d 295 (8th Cir.1988). This case should be

dismissed for procedural default of the petitioner.

*Respondent's Objections to United States Magistrate's Findings and Conclusions, reprinted in* Joint Appendix A–74, A–75.

Thereafter, the district court addressed two specific aspects of the case which bear on Lockhart's contentions of procedural default. First, the district court focused on evidence which indicates, in essence, that in all likelihood the petitioner had been wrongly convicted because of duress, coercion and domination of her husband. Secondly, the court specifically noted that trial counsel performed deficiently, failed to act as a reasonably prudent attorney and rendered ineffective assistance. The district court's opinion on these matters detailed the following:

> The testimony before the Magistrate revealed that petitioner was under the total control of her husband:
>
>> [Petitioner] recounted instances of shocking cruelty and violence against herself, her child and others, and testified that she was afraid to try and escape from this environment. She stated that her husband forced her to have sex with others and cut her off from family and friends, and that she was still afraid fo [sic] him and he had threatened her after their arrests. She was never allowed to visit with the attorney alone, and Dale Bliss did all fo [sic] the talking when they saw the attorney together.
>
> The Magistrate found that petitioner's testimony was substantially corroborated by the testimony of Dan Matheny, a prosecution witness who had lived in the Bliss household for a year.
>
>> Mr. Douglas A. Stevens, a clincial [sic] psychologist, testified that petitioner suffers from gross developental [sic] retardation and is emotionally at the 8 year-old level. Dr. Stevens further testified that the joint trial allowed petitioner no chance to assert herself or to break away from her husband....
>
> ....
>
> The Court notes that since petitioner did not raise any claim of coercion or

duress during the State Court proceedings, the Arkansas Supreme Court did not have such claims before it and, therefore, it cannot fairly be said that its reasoning on the severance issue was "specious." The Supreme Court's ruling was based on the fact that, at that point in the proceedings, the defendants did not appear to be antagonistic towards each other and they appeared to be asserting the exact same defense. But, the Arkansas Supreme Court's reasoning, although facially correct, does not deal with petitioner's claim of coercion or duress.... And, with regard to that claim, the Magistrate concludes, and the Court agrees, that petitioner has been denied effective assistance of counsel in that an astute independent trial attorney "could and should" have mounted a defense of coercion or duress in petitioner's behalf and would not have attempted to represent both petitioner and her husband after a thorough investigation of the factual background of the case.

Petitioner's habeas petition alludes to the conflict of interest resulting from the dual representation of petitioner and her husband by the same attorney:

> That Petitioner's attorney at the trial, was Janice Williams Wheeler, who was consistently told by Charles Dale Bliss that no conflict existed, and this was confirmed by Sharon Anita Bliss in view of the fact that Charles Dale Bliss had complete control over Sharon Anita Bliss, and, therefore, there was no way that the trial attorney could have been aware of the domination of Mr. Bliss upon Sharon Anita Bliss.
>
> ....
>
> ... The unique facts of this case indicate that a reasonably prudent attorney would have investigated the possibility of a conflict of interest and would thereby have discovered the problem revealed in the Magistrate's findings. Ms. Janice Williams Wheeler, Esquire, petitioner's trial attorney has submitted an affidavit which, in the Court's opinion, indicates that she was privy to certain information that indicated a possible conflict of interest between petitioner and her husband:

Also, after the last trial of this case in Circuit Court of Polk County, Arkansas, I located Sharon's sister, Judy Gibbs, who I had tried to subpoena for the trial of this cause, since she is the one who initially caused legal proceedings to be instigated against Mr. and Mrs. Bliss for which they were ultimately charged and convicted of rape of David Bliss. Judy Gibbs told me at that time that State Policeman, Russell Welch, knew where she was all the time and that he had told her she would not have to go to Court, although the Polk County Circuit Court has previously ordered him to divulge her location if he knew it. *Miss Gibbs further stated that she would help her sister clear her name if she would divorce Charles Dale Bliss.* Not too long after that, Miss Gibbs and Mr. Peterbaugh lost their lives in a house fire, and I lost the opportunity of bringing to the Court's attention, the aforesaid evidence....

. . . .

Petitioner's sister's statement that she would help peititioner [sic] if she would divorce her husband should have alerted petitioner's attorney to the possibility of a conflict of interest. At minimum, the statement should have prompted her to investigate the relationship between her two clients. Instead, petitioner's attorney went on to represent the defendants on appeal. *Bliss v. State*, 288 Ark. 546, 708 S.W.2d 74 (1986). The Court also notes that petitioner's attorney, had she properly investigated, would have known of the conflict of interest at a much earlier point in the proceedings. The affidavit of of [sic] Dan Matheny, the key prosecution witness, states that he was well aware of Mr. Bliss' total domination of his wife but that he was never questioned about what he knew. Surely a reasonably prudent attorney would have

attempted to question the key prosecution witness about every aspect of what he knew.

*Bliss v. Lockhart,* No. PB–C–88–326 (E.D. Ark. Sept. 23, 1988) (emphasis in original), *reprinted in* Joint Appendix A–79, A–80 to A–86.[3]

Based on the above factors, the district court granted Mrs. Bliss' petition for relief. In the district court's analysis, it would have been futile for Mrs. Bliss to file a second Rule 37 petition in the state court and, thus, her remedies in state court had been exhausted.

■ While the district court opinion did not specifically assert that an exception to the procedural default rules applied, the court's factual findings demonstrate both cause and prejudice excusing Bliss' failure to present her claims in a state forum. Lockhart does not dispute the district court's finding that Bliss received ineffective assistance from her trial counsel, and, as previously noted, the incompetence of trial counsel constitutes cause. Likewise, here the prejudice has been manifest. The district court therefore possessed adequate grounds to grant the conditional writ.

In addition, our review of the procedural default issue indicates that additional bases exist for rejecting the procedural default contention. At the hearing before the magistrate, Dan Matheny, a key prosecution witness during the trial, testified that he had told the prosecutor of Charles Dale Bliss' dominating influence over the petitioner. The prosecutor thereafter communicated to Matheny, either expressly or implicitly, to avoid that subject at the trial. Matheny also stated that, if he had been asked, he would have testified that Mrs. Bliss' culpability was less than that of her husband. This prosecutorial interference with disclosure of the full evidence may indeed constitute cause under the *Wainwright v. Sykes* standard. *See Amadeo v. Zant,* 486 U.S. 214, 108 S.Ct. 1771, 1776–77,

---

**3.** We also note the following conclusion from the magistrate's report:

From the testimony heard by the magistrate from Petitioner, Dan Matheny and Dr. Stevens, it is likewise clear that an astute trial attorney could and should have mounted a

defense of coercion or duress in Petitioner's behalf.

*Bliss v. Lockhart,* No. PB–C–88–326 (Magis.) (citations omitted), *reprinted in* Joint Appendix at A–66.

100 L.Ed.2d 249 (1988); *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645. In essence, the prosecutor's actions made timely compliance with Arkansas procedures impracticable. *See generally Dowd v. United States ex rel. Cook*, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951) (prison warden's suppression of papers necessary for appeal justifies petitioner's default).

Added to this, it is undisputed that both Blisses remained represented by joint counsel, hired by the petitioner's husband, throughout both trials and all appellate processes—except for the present habeas petition. Thus, in view of the expert psychological testimony describing the petitioner's extreme emotional underdevelopment, the petitioner may have been *unable* to assist counsel in preparing her defense in the previous proceedings, due to her husband's continual presence and influence. Accordingly, this too might excuse Mrs. Bliss' failure to raise the duress or coercion claim earlier. *See Brown v. Allen*, 344 U.S. 443, 485–86, 73 S.Ct. 397, 421–22, 97 L.Ed. 469 (1953) (dicta) (habeas relief not barred where prisoner cannot file timely appeal due to incapacity); *See also Smith v. Murray*, 477 U.S. 527, 538–39, 106 S.Ct. 2661, 2668–69, 91 L.Ed.2d 434 (1988) (implied holding) (exception to procedural default rules is applicable when alleged error undermines accuracy of guilt or sentencing determination).

Further, it is of some import that Lockhart, after receiving the district court's ruling in this case, based his subsequent motion for reconsideration and a new trial solely on the fact that the evidentiary hearing before the magistrate had occurred in the context of a request for bail. Lockhart at that time made no claim that the case should be reconsidered on procedural default grounds.

■ Moreover, in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986), the Supreme Court's discussion of cause for procedural default noted:

> [W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

While not explicitly stated, the gist of the district court's factual findings suggests that the present case falls within the actual innocence exception cited above. *See also Smith v. Murray*, 477 U.S. at 538–39, 106 S.Ct. at 2668–69 (by implication) (habeas relief denied because prisoner lacked cause and failed to show that constitutional error precluded development of exculpatory facts). This makes the Lockhart's procedural default contentions irrelevant.

■ One further matter remains to be addressed which has not been discussed directly by the district court, the magistrate or in either party's briefs. While the same counsel represented the Blisses at trial and on direct appeal, a different attorney represented the Blisses in the State post-conviction proceeding under Rule 37. The post-conviction representation remained joint, however, and counsel raised only a technical issue pertaining to the sentence and an ex post facto claim.

Thus, in essence, the incompetence of previous counsel during the two trials pervaded the entire proceedings, extending to and infecting the post-conviction forum. Post-conviction counsel, upon reviewing the record, could not have been expected to ascertain the legal issues eventually raised by this petition. To the contrary, due to trial counsel's failure to investigate, preserve supporting evidence or attempt any proof, the record contained no factual basis for the discovery of Mrs. Bliss' claim of coercion or duress. Moreover, the fact that the joint representation was continued during the Rule 37 proceeding serves to confirm that post-conviction counsel in fact knew nothing about the Blisses' conflicting interests at trial. Consequently, Mrs. Bliss' petition merits exception from the usual requirement of procedural bar. *See Amadeo v. Zant*, 108 S.Ct. at 1776–77 (relief available despite default where external factor prevented counsel from discovering basis of claim); *Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645 (cause for

default exists where objective factor impeded counsel's efforts to comply with State procedural rule).

We therefore conclude that, given the findings of the district court, the recommendations of the magistrate and the uncontradicted testimony of Dan Matheny and the psychological expert, Mrs. Bliss' petition for habeas relief was not barred by procedural default and, thus, properly granted.

## III. CONCLUSION

Accordingly, we affirm the district court's order that the State of Arkansas retry Mrs. Bliss within ninety days; otherwise, the writ of habeas corpus will issue from the district court.