**Martsay BOLDER,**
**Appellee/Cross–Appellant,**

v.

**Bill ARMONTROUT,**
**Appellant/Cross–Appellee.**

**Nos. 89–2323, 89–2324.**

United States Court of Appeals,
Eighth Circuit.

March 21, 1991.

Steven Hawke, Jefferson City, Mo., for appellee/cross appellant.

Gardiner Davis, Kansas City, Mo., for appellant/cross appellee.

Before LAY, Chief Judge,
McMILLIAN, ARNOLD, JOHN R.
GIBSON, FAGG, BOWMAN,
WOLLMAN, MAGILL, BEAM and
LOKEN, Circuit Judges.

### ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC.

The suggestion for rehearing en banc has been considered by the court and is denied by reason of the lack of majority of active judges voting to rehear the case en banc. Chief Judge Lay, Judge McMillian, Judge Arnold, Judge John R. Gibson and Judge Loken dissent from the denial of the suggestion for rehearing en banc.

The petition for rehearing is also denied.

The present stay of execution shall continue until the time has expired for petitioner to seek certiorari review with the Supreme Court of the United States. If a timely petition for certiorari is filed then the stay shall continue until such time as the Supreme Court disposes of the case.

LAY, Chief Judge, with whom
McMILLIAN, Circuit Judge, joins,
specially dissenting.

I dissent from this court's denial of rehearing en banc.

The court fails to grant a rehearing en banc on an evenly divided vote (five to five). If an evenly divided vote had occurred when reviewing the merits of the district court's grant of a writ of habeas corpus, the granting of the writ would have been affirmed and Martsay Bolder's life would have been spared.

Under the existing record, Bolder's execution is a miscarriage of justice. Bolder's trial counsel did not offer mitigating evidence in the punishment phase of the trial because he did not know he could present non-statutory mitigating evidence in Bolder's defense. *Bolder v. Armontrout,* 713 F.Supp. 1558, 1567 n. 9 (W.D.Mo.1989).

On state post-conviction review, Bolder failed to raise or investigate his trial counsel's failure to present mitigating evidence. Bolder's federal habeas counsel, however,

produced a strong factual record of mitigating evidence from witnesses that had been available at trial. The federal district court found that if this evidence would have been presented at trial, there was a reasonable probability that Bolder would not have received a death sentence. *Id.* at 1569. Nonetheless, the panel's decision procedurally precludes review of trial counsel's ineffectiveness because Bolder failed to show why his state post-conviction counsel was ineffective in not producing factual support for the claim that his trial counsel failed to investigate and produce the available mitigating evidence. *Bolder v. Armontrout,* 921 F.2d 1359, 1365 (8th Cir. 1990).

The panel's holding overlooks the fact that the state has the burden to call the lawyers as witnesses and have them explain, if they can, the reasons for their actions. *Cf. McQueen v. Swenson,* 498 F.2d 207, 220 (8th Cir.1974) (adopting flexible approach that burden shifts to state to show absence of prejudice if petitioner unable to produce evidence because of inadequate counsel); *Coles v. Peyton,* 389 F.2d 224, 226 (4th Cir.1968) (requiring state to establish lack of prejudice once ineffective assistance of counsel shown); *Trimble v. State,* 693 S.W.2d 267, 273 (Mo.Ct.App. 1985) (finding petitioner only has to present evidence showing serious prejudice then state has burden of explaining). The reasoning of the panel majority that counsel must explain the reasons behind his or her omission is not in accord with the case law of this circuit, *see Simmons v. Lockhart,* 915 F.2d 372, 377 (8th Cir.1990); *Chambers v. Armontrout,* 907 F.2d 825, 828 (8th Cir.) (en banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990); *Lawrence v. Armontrout,* 900 F.2d 127, 130 (8th Cir.1990); *Bliss v. Lockhart,* 891 F.2d 1335, 1338 (8th Cir.1989); *Woodard v. Sargent,* 806 F.2d 153, 157 (8th Cir.1986), or the principles of *Strickland v. Washington,* 466 U.S. 668, 690–99, 104 S.Ct. 2052, 2065–70, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court observed that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690–91, 104 S.Ct. at 2066. In the present case, there can be no reasonable professional judgment justifying either the trial or state post-conviction counsel's failure to investigate and present the available mitigating proof.[1]

Because of the direct conflict with our own cases, and the resulting injustice, a rehearing en banc is clearly justified.[2]

BEAM, Circuit Judge, with whom Magill, Circuit Judge joins, responding specially.

The special dissent to the denial of the rehearing en banc prompts a response. Several matters merit comment.

The substantive issue on appeal involved the competence, or lack thereof, of post-conviction (Rule 27.26) counsel. It was not

---

1. Since the filing of the Petition for Rehearing and Suggestion for Rehearing En Banc, Bolder's counsel has filed an affidavit by Bolder's post-conviction counsel which clearly indicates that no professional reason existed for Bolder's post-conviction counsel's failure to investigate or produce the available mitigating evidence. *See* attached addendum. At the very least, it seems to me that the panel, if not this court en banc, should remand this case to the district court for reconsideration regarding the affidavit and the procedural default relied upon by the panel.

2. Judge Beam has offered a special concurring statement on the merits of the case. The merits were not addressed in the majority opinion and his statement is not germane to our disagreement over the denial of a rehearing en banc

regarding the panel's erroneous procedural default ruling. The original panel opinion does not conform to our prior cases. It bars Bolder's habeas petition on an alleged procedural default of his state post-conviction counsel because Bolder failed to show the reasons for counsel's default. It is now too late to attempt to obviate this holding by conclusively rejecting Bolder's claim on the merits. The record clearly refutes this rejection, but this is not the time or place to urge the merits.

The concurring statement misconstrues our reliance on *McQueen* as well. The petitioner always has the burden of proof to demonstrate incompetent counsel but once having made a prima facie case, it is the state's burden to come forward and justify counsel's failure to investigate. There is no justification here.

necessary to discuss in the majority opinion the propriety of the ruling by the federal habeas court that Bolder's trial counsel was ineffective. The special dissent dictates the need for such an appraisal.

The federal district court, indeed, found that trial counsel did not understand that he could present non-statutory mitigating circumstances. *Bolder v. Armontrout,* 713 F.Supp. 1558, 1567 & n. 9 (W.D.Mo. 1989). This appears to have been a major basis for a determination by the court (and the dissent in this appeal) that trial counsel was incompetent. This finding is simply not supported by the record. In footnote 9 of his opinion, the federal habeas judge cites only part of the testimony of trial counsel at the 27.26 hearing. Trial counsel testified that he talked with Mr. Bolder about the "statutory mitigating circumstances." He also testified

> Q. [27.26 counsel] Did you at any time discuss with him the possibility of calling family members or friends as character witnesses, or did that ever come up.
>
> A. [trial counsel] It came up. I don't recall who initiated the conversation, but I believe he indicated to me he did not want his family involved.

27.26 Transcript at 108.

> Q. Okay. But they had already convicted him now of capital murder. How were you going to get across—or didn't you have any mitigating circumstances that you could get across to the jury?
>
> A. At the time, of course, and still now, I did not see any mitigating circumstances that were set forth in the statute that I could present to the jury.
>
> Q. Okay, are you aware, though, that, besides the enumerated statutory mitigating circumstances, that the law also says "or any other mitigating circumstances."?
>
> A. Yes.

*Id.* at 111.

There is nothing further in the 27.26 record that deals with this specific subject. Likewise there is nothing in the federal habeas record on this point that overrides a presumption of competent conduct. Thus, the facts actually support a conclusion contrary to that reached by the federal district judge and repeated by Chief Judge Lay in his dissent and special dissent.

Of perhaps greater importance is that the federal district court finding appears to violate 28 U.S.C. § 2254(d) (1988). The state 27.26 court made no finding that Mr. Bolder's trial attorney knew or did not know that he could have presented non-statutory mitigating evidence. However, the Missouri Court of Appeals, after its review of the trial record and the 27.26 record, found that "[t]he lack of mitigating evidence is attributable to the lack of suitable mitigating evidence rather than a neglect of [trial] counsel to present it." *Bolder v. State,* 712 S.W.2d 692, 695 (Mo. Ct.App.1986). While the ultimate conclusion on whether counsel is or is not ineffective is a mixed question of law and fact, these findings of the Missouri Court of Appeals clearly appear to be factual in nature. Thus, the federal court was not free to disregard them under the circumstances of this case.

Upon turning to the issue of the competence of 27.26 counsel, we find the arguments in the special dissent to be a bit disingenuous. The dissent alleges that "the state has the burden to call the lawyers as witnesses and have them explain, if they can, the reasons for their actions." We presume that this requirement must arguably occur upon a habeas claim by a prisoner that he was represented by constitutionally ineffective counsel. For this legal premise, the dissent cites *McQueen v. Swenson,* 498 F.2d 207, 220 (8th Cir.1974) and other equally inapposite cases. In fact, *McQueen* stands for the opposite proposition. The question is the competence of counsel in finding and presenting mitigating evidence. On that issue *McQueen* points out that "[w]e recognize that there is and should be a presumption that counsel is competent, which must be overcome by the *petitioner* in order for an ineffective assistance of counsel claim to lie." *Id.* at 216 (emphasis added).

Finally, the dissent attaches a replica of an affidavit of 27.26 counsel dated February 8, 1991, and forwarded well after the panel opinion was filed in this case. It makes a statement about potential witnesses whose names were not provided to 27.26 counsel by Mr. Bolder. Given the evidence in the record, especially that adduced at the federal habeas proceeding, it appears that Mr. Bolder is the likely source of the names of the witnesses ultimately located and called to testify in federal court, although the record is not clear on this point. Obviously, though, he must have known of the witnesses, regardless of who actually supplied the names to federal habeas counsel. Mr. Bolder supplied numerous other names of potential witnesses to counsel at various times. Therefore, an inference that follows from the special dissent is that the 27.26 counsel was incompetent for failing to find witnesses known to Mr. Bolder but not disclosed by him to his attorney. With this premise, we disagree. In our view, the affidavit supports the argument that 27.26 counsel was *not* incompetent and that he interviewed everyone reasonably known to him, a situation fatal to the position of Mr. Bolder, the federal habeas court and the dissent in this court. The dissent appears to argue for a rule that requires counsel to find everyone in the universe, without assistance from the client, whether or not their names are known to the client. Since the record establishes that 27.26 counsel consulted with at least one member of Mr. Bolder's immediate family, and called her to testify, the rule, according to the dissent, must extend even beyond that potential source of information. We think that such a position is contrary to established precedent and reasonable practice.

## ADDENDUM

### *Affidavit*

I, David M. Strauss, being first duly sworn, do hereby depose and state as follows:

1. I am an attorney duly licensed to practice law in the State of Missouri.

2. I have resided and practiced law in the Republic of the Marshall Islands since September 1, 1985.

3. I was the Public Defender for the 13th Judicial Circuit from October 1, 1977, until August 31, 1985.

4. In my capacity as Public Defender, I was appointed to and did represent Martsay Bolder in his Rule 27.26 hearing in Boone County Case # 09JUN83410853 in front of Judge Ellen S. Roper.

5. At the 27.26 hearing, which occurred on August 12, 1983, February 17, 1984, and July 13, 1984, several witnesses were called to testify on behalf of Martsay Bolder.

6. I have been informed that several other witnesses (a minister, family friend, family members, Y–Pal) testified on behalf of Martsay Bolder at a federal habeas hearing in 1988.

7. I was not aware of the existence of these witnesses nor did I conduct an independent investigation to discover the existence of these witnesses because:

a. Based on the caseload and budget of the 13th Circuit Public Defender's Office, I would have been unable to conduct a thorough investigation for these witnesses in the Kansas City area; and

b. It did not occur to me to inquire as to the existence of or subpoena witnesses other than those whose names were provided to me by Martsay Bolder.

/s/ David M. Strauss
David M. Strauss

Subscribed and sworn to before me on February 8, 1991.

___

Notary Public
Republic of the Marshall Islands