## James W. NOWLIN v. STATE of Arkansas

5713                                              481 S.W. 2d 320

Opinion delivered June 19, 1972

*Harold L. Hall,* for appellant

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

CARLTON HARRIS, Chief Justice. James W. Nowlin, appellant herein, was convicted of first degree rape and his punishment fixed by the jury at 35 years imprisonment. From the judgment entered in accordance with such verdict, appellant brings this appeal. For reversal, three points are asserted, which we proceed to discuss in the order listed.

The record reflects that appellant, on July 6, 1971, entered a plea of not guilty, and the case was set for a jury trial on September 2, 1971. Appellant filed a motion through counsel (not the same counsel as on appeal) set-

ting out that he was under the impression that the case would not be tried until September 21. It was also asserted that the case had been set down for September 21 along with another charge pending against appellant, and the state was to give appellant adequate notice as to which case it elected to try on September 21; that said notice was not given until August 27. As stated, the allegations in this motion are not in accord with the record, which only reflects that the case was set for September 2. It would appear that ample notice had been given of the date of trial. Of course, motions for continuance are addressed to the sound discretion of the trial court, and this court will not reverse unless the court has abused its discretion. *Nash* v. *State,* 248 Ark. 323, 451 S.W. 2d 869. Under the record herein, we certainly cannot say that that the court abused its discretion in refusing to grant a continuance.

It is next asserted that the evidence was not sufficient to sustain the conviction. We do not agree. While it is true that the evidence was not the strongest that is sometimes introduced in this type of case, and while there were some conflicts between the testimony of the prosecuting witness, Gail Huffman, and her principal corroborating witness, Pamela Archer, these girls did offer evidence sufficient in law and fact to sustain the conviction, if believed by the jury. The testimony on the part of the state revealed that Miss Huffman, age 15, and Miss Archer, age 14, went to the Nowlin home with Roger Middlebrook and Gary Nowlin, the son of the appellant. Both girls testified that they were raped by Middlebrook and appellant, James W. Nowlin, who had come into the house. Miss Huffman described the attack on her by appellant, stating that she was crying, struggling, and trying to stop Nowlin, but unsuccessful in preventing the rape. This testimony was corroborated by Miss Archer. Of course, the testimony of Miss Huffman, standing alone, was sufficient to sustain the conviction. *McDonald* v. *State,* 225 Ark. 38, 279 S.W. 2d 44, and cases cited therein. As previously stated, there were some inconsistencies in the testimony of the two girls, but these inconsistencies were a matter for the jury to resolve, as well as to pass on other circumstances presented by witnesses.

Finally, it is argued that the court erred in permitting the witness, Pamela Archer, to testify that she had been threatened. Miss Archer had originally told police officers that she knew "nothing about it" (the rape of Miss Huffman), and when asked why she said that, replied "because Roger Middlebrook threatened me". An objection was sustained by the court, which subsequently held that she could say whether she had been threatened, but should not mention names "unless it was Nowlin who threatened her". Appellant argues that the above testimony violated the rule on hearsay evidence, but we do not agree. The statement was made for the purpose merely of establishing that it was made, and was not offered as a matter of proving the truth of the matter asserted. It was only offered to explain why the witness had first told the police that she knew nothing about the rape of Gail Huffman, but later offered the testimony given at the trial. In *Liberto & Mothershed v. State*, 248 Ark. 350, 451 S.W. 2d 464, this court pointed out "that a statement made out of court is not hearsay if it is given in evidence for the purpose of proving that the statement was made, providing that the purpose is otherwise relevant in the case at trial". The admission of this testimony was not error.

On the whole case, finding no reversible error, the judgment is affirmed.

It is so ordered.