Earl Allen WOODALL *v.* STATE of Arkansas

CR 76-163 . 543 S.W. 2d 957

Opinion delivered December 20, 1976
(Division I)

*McArthur & Johnson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, tried without a jury, was found guilty of carrying a pistol illegally and was sentenced to a fine of $100 and to 30 days in jail. He argues three points for reversal.

First, the appellant questions the validity of the arrest that led to the discovery of the weapon. Two State police officers were aware, through the law enforcement agencies' computer system, that the Pulaski County sheriff's office had a warrant from South Carolina charging Woodall with assault and battery with intent to kill. That offense is a felony, although the warrant did not so indicate. South Carolina Code, § 16-93.1 (Cum. Supp. 1975). In connection with a narcotics investigation the officers were following a truck occupied by two men. When that vehicle stopped for a traffic light in Little Rock, one of the officers recognized Woodall. Officer Brookman alighted, went to the truck, identified himself as an officer, and placed Woodall under arrest. The officer saw a box of ammunition in Woodall's lap. When Woodall reached for a pistol in a holster under his armpit, the officer disarmed him. This prosecution resulted from that encounter.

The arrest was lawful. A police officer's knowledge of the existence of an out-of-state warrant can furnish probable cause for an arrest, even though the officer does not have the warrant with him. *Whiteley* v. *Warden,* 401 U.S. 560 (1971); *Stallings* v. *Splain,* 253 U.S. 339 (1920); *Berigan* v. *State,* 2 Md. App. 666, 236 A. 2d 743 (1968). Moreover, probable cause is to be evaluated on the basis of the collective information of the police. *Jones* v. *State,* 246 Ark. 1057, 441 S.W. 2d 458

(1969). Hence the trial judge was justified by the evidence in finding that the arrest was valid. It may also be noted that the principles just mentioned have been embodied in Rule 4.1 (d) of our new Rules of Criminal Procedure (1976), though they were not yet in force when this arrest occurred and of course could not have retrospectively validated the arrest had it been unlawful when made.

Secondly, we hold that the gun was properly admitted in evidence. Officer Brookman testified that the gun was in his custody until it was introduced in evidence at a preliminary hearing, after which it was in the court's custody. Officer Brookman said that he could identify the weapon just by looking at it. If there was a slight defect in the chain of custody, that was merely a circumstance to be considered by the trial judge. *Bedell* v. *State,* 260 Ark. 401, 541 S.W. 2d 297 (1976). Furthermore, the officer could have testified about Woodall's possession of the gun even if it had not been in the courtroom. *Scott* v. *State,* 251 Ark. 918, 475 S.W. 2d 699 (1972).

Thirdly, it is argued that Woodall was entitled to carry the gun, because he was on a journey. Ark. Stat. Ann. § 41-4501 (Repl. 1964). Whether a person was on a journey may be a question of fact. *Collins* v. *State,* 183 Ark. 425, 36 S.W. 2d 75 (1931). That is the situation here. Woodall testified that when he was arrested he was going from North Little Rock to his parents' house in Little Rock, hardly such a perilous journey as to necessitate his being armed with a pistol.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.