Robert JACKSON v. STATE of Arkansas

CR 79-211                              607 S.W. 2d 371
                    Supreme Court of Arkansas
                 Opinion delivered November 10, 1980

*James W. Haddock*, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of first degree murder, Ark. Stat. Ann. § 41-1502 (Repl. 1977), and sentenced to forty years imprisonment. We find merit in the contention raised by appellant's appointed counsel and appellant *pro se* that, on the record here, the court erred in overruling appellant's motion to suppress as evidence the rifle seized from him upon his warrantless arrest.

In December, 1978, Mrs. Martin and her paramour, Arthur Stuckey, were awakened at her house at 2 a.m. by a banging on her door. Someone outside was heard calling appellant's name, begging him to leave the two alone. (Appellant and Mrs. Martin had previously lived together, and she had a child by him.) A shot was fired through her bedroom window. Stuckey got his rifle and returned the fire. Mrs. Martin attempted to get her children into the kitchen. When her seven year old son broke loose and ran to a window, she followed him there, at which time she saw appellant's brother in a car and heard him ask appellant to "leave those folks alone." She then saw appellant standing by a tree in the yard. At that point appellant fired a shot and Mrs. Martin's son fell fatally wounded. The appellant left and Mrs. Martin and Stuckey then took the children with them to the police station where they reported the shooting.

The sheriff, who lived in another town, was called to assist in the investigation. When he arrived he went to the crime scene, and the chief of police, with three other policemen, went to appellant's nearby residence at ap-

proximately 4:10 a.m. As they arrived they met appellant's brother, who advised them that the door was locked from the inside. They observed appellant through a window in a lighted room, laying on a couch asleep, with the stock of a gun visible underneath the couch. They forced the door open, handcuffed appellant, and effected a warrantless arrest. They seized the gun, which was introduced at trial. A firearms examiner testified that two shells found in the yard of Mrs. Martin's house were fired from this gun. The court granted appellant's motion to suppress his statement as being involuntary due to appellant's intoxication at the time it was made, which was shortly after his arrest. However, the court denied appellant's motion to suppress the gun, finding the warrantless seizure was incidental to the arrest.

The primary issue before us is whether or not the gun was admissible in evidence. The state relies upon Rules of Criminal Procedure, Rule 12.5 (Repl. 1977), as justifying a valid seizure incidental to the warrantless arrest of appellant. See also Rules of Criminal Procedure, Rule 4.1 and 14.3 (Repl. 1977). However, since the trial of this case and the filing of the briefs here, the U.S. Supreme Court has resolved this unsettled issue in *Payton* v. *New York*, 445 U.S. 573, 100 S.Ct. 1371 (1980), decided April 15; i.e., 'whether and under what circumstances an officer may enter a suspect's home to make a warrantless arrest.' There the court held that the Fourth Amendment, made applicable to the states through the Fourteenth Amendment, prohibits, absent exigent circumstances, a warrantless, nonconsensual entry into a suspect's home to make a routine felony arrest even when it is accomplished under statutory authority and with probable cause. In other words, the threshold of one's home cannot reasonably be crossed without a warrant in the absence of exigent circumstances. Although the defendant must nonetheless stand trial, the exclusionary rule prohibits introduction of any evidence seized pursuant to such an arrest where the validity of the warrantless seizure depends upon a valid arrest. See also *State* v. *Block*, 270 Ark. 671, 606 S.W. 2d 362 (1980).

Exigent circumstances may exist, for example, in the area of warrantless searches when a suspect is fleeing or likely

to flee, when the search is of a movable vehicle, when evidence or contraband is threatened with removal or destruction or when there is a danger of harm to the arresting officers. See *Coolidge* v. *New Hampshire*, 403 U.S. 443 (1971); *Johnson* v. *United States*, 333 U.S. 10 (1948); and *Michigan* v. *Tyler*, 436 U.S. 499 (1979). In *Payton*, the police, as here, acting under statutory authority and with probable cause, broke into a murder suspect's home to make a warrantless arrest and then seized a shell casing in plain view. The New York courts held the nonconsensual entry was justified by state statutes; therefore, the evidence seized was admissible. However, as indicated, the U.S. Supreme Court held the evidence inadmissible.

Here, appellant, a local residents, was found asleep in his residence, the door locked, approximately two hours after the alleged offense. The trial court, as in *Payton*, found the evidence admissible based upon it being seized incidental to an arrest. Our Rule 14.3, *supra*, authorizes an officer, in an emergency situation, to enter and search without a warrant premises or a vehicle when there is probable cause to believe an individual therein is in imminent danger of death or serious bodily harm; or items therein are imminently likely to burn or explode causing death, serious bodily harm or substantial destruction of property; or if objects subject to seizure, if seizure is delayed, will be used to cause death or serious bodily injury, then the officer may enter and conduct a search to prevent death, bodily harm or destruction of property. We hold, in the light of *Payton*, that sufficient exigent circumstances are not demonstrated on the record presented. Therefore, we remand the cause to the trial court to conduct an evidentiary hearing to determine if exigent circumstances existed. If none existed, then appellant is entitled to a new trial. We have considered other arguments made by appellant's counsel and appellant *pro se* and find no merit in them.

Remanded.

PURTLE and STROUD, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I dissent because in

my opinion exigent circumstances were present. The officers observed the murder weapon through a window. They had reasonable cause to believe appellant had committed a felony and were looking for him. I believe a warrantless search and seizure was authorized pursuant to Rules of Criminal Procedure, Rule 14.3 (Repl. 1977), which states:

> An officer who has reasonable cause to believe that premises or a vehicle contain:
>
> (a) individuals in imminent danger of death or serious bodily harm; or
>
> (b) things imminently likely to burn, explode, or otherwise cause death, serious bodily harm, or substantial destruction of property; or
>
> (c) things subject to seizure which will cause or be used to cause death or serious bodily harm if their seizure is delayed; may, without a search warrant, enter and search such premises and vehicles, and the persons therein, to the extent reasonably necessary for the prevention of such death, bodily harm, or destruction.

I do not believe *Payton* v. *New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980), prohibits this seizure. I would affirm.

JOHN F. STROUD, Justice, dissenting. The majority of the court has remanded this case to the trial court because of the decision of the United States Supreme Court in *Payton* v. *New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980). The trial court has been directed to conduct an evidentiary hearing to determine if exigent circumstances existed at the time of the arrest of appellant and seizure of his rifle.

I respectfully dissent because I do not believe the *Payton* case is applicable here; but even if it were, I would find that exigent circumstances existed. In *Payton*, the warrantless and non-consensual entry into the suspect's home was for the purpose of making a routine felony arrest. The forced entry into the apartment occurred about 8:00 a.m. and followed two days of intensive investigation of the murder of a gas station

attendant. The only similarity of this case with *Payton* was the forced entry through the door. In the case now on appeal, the warrantless entry and arrest occurred at 4:10 a.m., just two hours after the murder was committed. I cannot possibly characterize this arrest for murder, which occurred during the middle of the night immediately after appellant had shot and killed a seven-year-old child with a high powered rifle, as a routine felony arrest.

However, if *Payton* were applied, I would not remand the case for an evidentiary hearing. The trial judge committed no error by failing to hold such a hearing or make such a finding as this case was tried months before the *Payton* decision was handed down.

Secondly, the facts as disclosed by the record clearly indicate exigent circumstances. After the killing and the departure of appellant, the mother of the dead child and the others living there went to the Eudora Police Department. Apparently the jailer called the Chief of Police and one of them called the Sheriff of Chicot County in Lake Village. By the time the Chief of Police and the Sheriff dressed and arrived at the police station, it was 3:45 a.m. It must have been obvious to the officers that appellant had intended to kill one or both of the adults living in the shot-up house and not the seven year-old boy. I think it would have been absurd and the poorest police work imaginable for the officers to have delayed this arrest to look for a magistrate in the middle of the night while the armed killer was still at large and the target of his attack remained unharmed. It would have been equally absurd to have delayed the arrest after the officers arrived at appellant's home and saw him through the window apparently asleep on the sofa. The only alternative to leaving appellant's home to obtain a warrant would have been to guard all exits of the house while waiting for a warrant in hopes that appellant did not wake and use the rifle against the officers. In light of the exigent circumstances, I believe the rifle of appellant was properly admitted into evidence, and I would affirm the judgment of the trial court.