Robert JACKSON *v.* STATE of Arkansas

CR 81-25                                    624 S.W. 2d 437

Supreme Court of Arkansas
Opinion delivered November 23, 1981

*James W. Haddock* of *Holloway & Haddock,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. In 1980 appellant Robert Jackson was convicted of first degree murder. He appealed contending that evidence was wrongfully seized during a warrantless search. While that appeal was pending, the Supreme Court of the United States handed down *Payton* v. *New York,* 445 U.S. 573 (1980). It held that a warrantless and nonconsensual entry into a suspect's home to make a routine arrest results in an invalid arrest unless exigent circumstances exist. The exclusionary rule then prohibits the introduction of evidence seized during an invalid arrest. *State* v. *Block,* 270 Ark. 671, 606 S.W. 2d 362 (1980). After *Payton,* supra, came down we remanded appellant's case for

an evidentiary hearing to see if exigent circumstances existed which would justify appellant's warrantless arrest in his home and that, in turn, would determine the validity of the seizure of evidence. *Jackson v. State,* 271 Ark. 71, 607 S.W. 2d 371 (1980).

Upon remand, the trial court allowed two police officers to testify about statements which others gave to them about appellant. These statements, coupled with their observations, led them to believe exigent circumstances existed. Appellant contends that this type of statement is hearsay and should not have been admitted. We affirm the ruling of the trial court.

In a hearing to determine whether exigent circumstances existed a police officer may testify about the information he relied upon to justify a warrantless arrest and seizure of evidence. This testimony is admitted to show the bases of the officers' actions, not to prove its truthfulness. Statements may be admissible to show they were made as opposed to showing the truth of the matter asserted. This type of evidence is not hearsay. Rule 801 (c), Arkansas Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl. 1979), provides:

> Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

This rule is consistent with our earlier cases holding that a statement made out of court is not hearsay if offered for the purpose of proving the statement was made. *Nowlin v. State,* 252 Ark. 870, 481 S.W. 2d 320 (1972); *Liberto & Mothershed v. State,* 248 Ark. 350, 451 S.W. 2d 464 (1970); *City of Springdale v. Weathers,* 241 Ark. 772, 410 S.W. 2d 754 (1967); *Motors Insurance Corp. v. Lopez,* 217 Ark. 203, 229 S.W. 2d 228 (1950).

Moreover, a warrantless arrest is to be evaluated on the basis of the collective information of the police. *Woodall v. State,* 260 Ark. 786, 543 S.W. 2d 957 (1976). Rule 4.1 (d), A. R.

Crim. P., Vol. 4A (Repl. 1977) embodies this principle and is applicable:

> A warrantless arrest by an officer not personally possessed of information sufficient to constitute reasonable cause is valid where the arresting officer is instructed to make the arrest by a police agency which collectively possesses knowledge sufficient to constitute reasonable cause.

Affirmed.