**Jack L. BROCK, Appellant,**

v.

**LOGAN COUNTY SHERIFF'S DEPARTMENT OF ARKANSAS, Appellee.**

No. 93–1339.

United States Court of Appeals, Eighth Circuit.

Submitted July 23, 1993.

Decided Sept. 7, 1993.

Jack L. Brock, pro se.

R. Barham, Paris, AR, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Jack L. Brock, an Oklahoma inmate, appeals from the magistrate judge's[1] grant of summary judgment in favor of defendant in his 42 U.S.C. § 1983 action. We affirm.

Brock sued the Logan County Sheriff's Department (Logan County) in Arkansas, alleging Logan County illegally arrested him in Arkansas on an Oklahoma warrant; the Logan County officer did not advise him of his right to an attorney and to a writ of habeas corpus; and the waiver of extradition proceeding violated the United States Constitution because it was held in a municipal court. Brock later filed a "brief in support of complaint," raising additional claims about the warrant, the "waiver of extradition hearing," and the failure to give *Miranda* rights. Logan County moved for summary judgment. After granting Brock the opportunity to respond, the magistrate judge granted summary judgment in favor of Logan County. Brock timely appealed.

Contrary to Brock's assertion, his claims that the warrant was void on its face and that the proceeding was conducted in a private law office, without a court reporter and before a municipal judge, were not before the magistrate judge. Brock's "brief in support of his complaint" did not amend his original complaint as of right. Brock neither filed his "brief" before defendant's answer nor moved to amend his complaint. *See* Fed. R.Civ.P. 15(a). Therefore, we do not consider these claims or the other claims Brock alleges for the first time on appeal as he has not shown that a manifest injustice will otherwise result. *See Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985).

We review de novo the grant of summary judgment on Brock's remaining claims and examine the record in the light most favorable to Brock. *See United States ex rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir.1992). We conclude the magistrate judge properly granted summary judgment on Brock's remaining claims because Brock did not come forward with sufficient evidence to show that there remained a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Brock contends his arrest was illegal, arguing that an Oklahoma warrant does not authorize arrest in Arkansas by Arkansas officials. We conclude that this may state a constitutional claim though it involves a question of state law. *See Bissonette v. Haig,* 800 F.2d 812, 815 (8th Cir.1986) ("Not only federal law, but also state law, can be relevant in determining what is reasonable under the Fourth Amendment.") We have held that "[a]n arrest by a state actor that is not authorized by state law is actionable under § 1983 as a seizure contrary to the Fourth Amendment." *Cole v. Nebraska State Bd. of Parole,* 997 F.2d 442, 444 (8th Cir.1993).

Brock's claim, however, does not survive summary judgment. Under Arkansas

---

1. The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

law, an out-of-state warrant can furnish probable cause for an arrest, even if the officer does not have the warrant with him. *See Woodall v. State*, 260 Ark. 786, 543 S.W.2d 957, 958 (1976). The facts and law here demonstrate that the Oklahoma warrant served to provide the Arkansas officials with probable cause for arrest. Therefore, the arrest violated neither Arkansas law nor the Constitution.

The remedy for the alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action. *See Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir.), *cert. denied*, 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989).

Accordingly, we affirm.