**Keith BROWN–EL, Appellant,**

**v.**

**Charles HARRIS, Major; Gary Tune, Chaplain, Appellees.**

No. 93–1541.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1994.

Decided June 13, 1994.

Rehearing Denied July 21, 1994.

John L. Oliver, Cape Girardeau, MO, argued (Jeffrey P. Hine, on the brief), for appellant.

John L. Lynch, St. Louis, MO, argued (Joseph P. Murray, on the brief), for appellees.

Before McMILLIAN, OAKES,* and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Keith Brown–El, an inmate at the Potosi Correctional Center (PCC), brought this 42 U.S.C. § 1983 action claiming two PCC officials violated his First Amendment right to the free exercise of religion by removing him from the list of fasting Muslim inmates given a special meal schedule. The district court granted summary judgment to the PCC officials. Brown–El appeals and we affirm.

During the Muslim holy month of Ramadan, Muslims are not allowed to eat during daylight hours. To accommodate inmates with sincerely held Muslim beliefs, PCC officials adopted special procedures allowing Muslim inmates to receive meals after dark. Inmates who wished to participate in the night meal schedule put their names on a list of Ramadan observers. The procedures included a written policy that if an inmate broke the fast by eating during daylight hours, the inmate would be removed from the list and returned to the regular meal schedule. Because the prison staff is reduced at night and escape risks increase after dark, the PCC officials removed non-fasting inmates from the list to reduce the risk of inmates participating in the night meal schedule to take advantage of the reduced staff.

In 1991, PCC officials put Brown–El on the Ramadan list and Brown–El began the fast. Following an altercation with prison guards, however, officials brought Brown–El to an infirmary cell, where he ate a meal during daylight. Having broken the fast, officials removed Brown–El from the list and returned him to the regular meal schedule. In his complaint, Brown–El claimed removing him from the list infringed his free exercise rights because he had not broken the fast within his faith's definition. According to Brown–El, he ate the daylight meal while he was injured and his faith has an injury exception to the daylight fast. Brown–El did not support his assertion with documentation or affidavits. The district court found the PCC policy of removing inmates who broke the fast from the Ramadan list restricted Brown–El's religious freedom. The district court concluded, however, the PCC's policy did not violate Brown–El's constitutional rights because it was reasonably related to security concerns. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987); Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). Thus, the district court granted summary judgment to the PCC officials.

Brown–El contends the district court erroneously concluded he failed to establish a First Amendment violation. Brown–El points out that inmates in administrative segregation, like him, are confined to their cells at all times. Because confined inmates pose no additional security risk if given meals at night, Brown–El argues the PCC's policy is not reasonably related to security interests under O'Lone and Turner. We recognize that Congress, in passing the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb to 2000bb–4 (1994), has created a new standard of review for claims that governmental action restricts the free exercise of religion. See id. § 2000bb–1(b). Although the Act applies retroactively, id. § 2000bb–3(a), we need not consider the new standard because Brown–El failed to raise or otherwise bring his claim under the Act, and in any event, we conclude the PCC's policy does not restrict Brown–El's religious freedom in the first place.

In a claim arising under the First Amendment's Free Exercise Clause, an inmate must first establish that a challenged policy restricts the inmate's free exercise of a sincerely held religious belief. Iron Eyes v. Henry, 907 F.2d 810, 813 (8th Cir.1990). We disagree with the district court that Brown–El showed the PCC's policy of removing inmates who broke the fast from the Ramadan list restricted Brown–El's religious freedom. Rather than burdening Ramadan worshippers, the PCC policy allows full partic-

---

* The HONORABLE JAMES L. OAKES, Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

ipation in the fast and removes from the procedures only those worshippers who choose to break the fast. The policy did not coerce worshippers "into violating their religious beliefs; nor [did it compel] them, by threat of sanctions, to refrain from religiously motivated conduct." *United States v. Means*, 858 F.2d 404, 407 (8th Cir.1988), *cert. denied*, 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 575 (1989). In failing to support his assertion that his faith had an injury exception to the daylight fast or show PCC officials were aware of the exception, Brown–El cannot establish that he did not break the fast. Having broken the fast, Brown–El simply placed himself outside the group of worshippers accommodated by the PCC procedures. Because Brown–El failed to show the PCC's policy restricted his religious freedom, we conclude the district court correctly granted summary judgment to the PCC officials on Brown–El's free exercise claim.

Brown–El also contends the officials removed him from the Ramadan list to retaliate against him for assaulting a correctional officer. We decline to address this argument raised for the first time on appeal because Brown–El has not shown that a manifest injustice will otherwise result. *See Brock v. Logan County Sheriff's Dep't*, 3 F.3d 1215, 1216 (8th Cir.1993) (per curiam). In addition, we do not consider Brown–El's due process claim that Brown–El abandoned in the district court. *See Hanson v. FDIC*, 13 F.3d 1247, 1251 n. 7 (8th Cir.1994).

We affirm the district court's grant of summary judgment to the PCC officials.