37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Benny McDOUGAL, Appellant,
v.
Jess ODOM, Appellee.
 No. 94-2317.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Oct. 17, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Benny McDougal appeals from the district court's[1] order granting summary judgment to defendant in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Following an undercover investigation of cockfighting on McDougal's property and a subsequent search of his property, McDougal was immediately arrested and charged in state court with illegally keeping, conducting, or operating a gambling house. Prosecution was later suspended in return for McDougal's agreement to discontinue cockfighting and any related gambling. McDougal then filed this complaint, claiming defendant Sheriff Jess Odom arrested him without probable cause in violation of the Fourth Amendment.
 
 
 3
 This court reviews de novo a grant of summary judgment and examined the record in the light most favorable to the non-moving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). McDougal failed, in opposition to Odom's motion, to sustain his burden of alleging specific facts showing that a genuine issue of material fact existed for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We conclude the district court properly found Odom had probable cause to arrest McDougal and thus the court correctly dismissed his section 1983 claim. See Clay v. Conlee, 815 F.2d 1164, 1169 (8th Cir. 1987). We reject McDougal's contention that the dismissal of the criminal charge against him supported his lawsuit. Cf. id. at 1167-68 (fact of latter acquittal irrelevant to validity of arrest).
 
 
 4
 The police may make a warrantless arrest where a public offense is committed in their presence or where they have probable cause to believe a felony has been committed. Ark. Code Ann. Sec. 16- 81-106(a)(2)(A) (Michie Supp. 1993). We conclude Odom had probable cause to arrest McDougal because, at the time, his knowledge of facts and circumstances of which he had "reasonably trustworthy information" would have led a person of reasonable caution to believe McDougal had committed or was committing an offense. See Washington v. Simpson, 806 F.2d 192, 194 (8th Cir. 1986) (citing Gaylor v. State, 681 S.W.2d 348, 349 (Ark. 1984)); Jackson v. State, 624 S.W.2d 437, 439 (Ark. 1981) (warrantless arrest evaluated on basis of collective police knowledge).
 
 
 5
 McDougal admitted he allowed cockfighting to take place in his barn. Odom's undercover deputy entered the barn where more than 100 people were watching cockfights. After leaving the barn, the deputy submitted an affidavit to support a search warrant in which he attested that he observed wagering on the fights. These facts sufficiently supported Odom's belief that McDougal was at least indirectly interested in keeping, conducting, or operating a place where gambling was carried on, a felony under Arkansas law. See Ark. Code Ann. Sec. 5-66-103 (Michie 1993); Turner v. State, 239 S.W. 373, 375 (Ark. 1922) (explaining "gravamen" and "gist" of offense).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas