70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hassan Kwame MUHAMMAD, Plaintiff-Appellant,
v.
W. KOSKI, et al., Defendants-Appellees.
 No. 95-1060.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Hassan Kwame Muhammad, a Michigan state prisoner, moves for the appointment of counsel and appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Muhammad alleged in this complaint that defendant prison guards had discriminatorily required him to remove a religious medallion for a search, that he was subsequently found guilty of disobeying a direct order and possessing contraband in a disciplinary hearing that did not comport with due process and that his resulting classification to administrative segregation amounted to cruel and unusual punishment. The district court adopted the magistrate judge's recommendation to grant defendants' motion for summary judgment. On appeal, Muhammad raises the same issues and argues that the district court erred in denying him appointed counsel and that he was unable to conduct discovery.
 
 
 4
 Upon review, we conclude that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Muhammad failed to allege that being required to remove his medallion for a search required him to violate his religious beliefs. He therefore did not state a free exercise of religion claim. See Brown-El v. Harris, 26 F.3d 68, 69-70 (8th Cir.1994). He also did not state an equal protection claim because he did not demonstrate that he was similarly situated to other prisoners who were not required to remove religious items for search. See New York State Club Ass'n, Inc. v. City of New York, 487 U.S. 1, 17 (1988). Muhammad's due process claim fails because his reclassification to administrative segregation did not implicate a liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Finally, Muhammad's Eighth Amendment claim is negated by the record, which shows that his continued classification to administrative segregation has not been based on this infraction alone, but on subsequent disciplinary convictions.
 
 
 5
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation