Jeffrey WINTERS, Appellant,

v.

STATE of Iowa, Appellee.

No. 95–723.

Supreme Court of Iowa.

June 19, 1996.

Patrick Ingram of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Prison inmate Jeffrey Winters, who is white, was found guilty of violating prison rule 23 (disobeying an order) when he refused to share a cell with a black inmate. Winters' refusal was based on his claim that racial separation is a doctrine of the Church of Jesus Christ Christian, of which he is a member. Winters received forty days disci-

plinary detention and a loss of sixteen days good-conduct time. He exhausted his administrative remedies and filed an application for postconviction relief.

Following a hearing, the postconviction court found that Winters failed to reasonably support, and thus failed to prove, his claim that he has a sincerely held religious belief that required he be given a racially segregated cell. The district court did not accept Winters' argument that it should apply a newly heightened scrutiny of this type of religious liberty claim by reason of the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. § 2000bb.

Winters claims that the court erred when it refused to apply the RFRA in adjudicating his claims. Congress passed the RFRA in 1993. This legislation restored the compelling-interest test for reviewing governmental action challenged under the Free Exercise Clause of the First Amendment. *Brown–El v. Harris,* 26 F.3d 68, 69 (8th Cir.1994). The law is retroactive. *Id.* The RFRA provides the standard of review in controversies involving prison rules that are alleged to burden prisoners' religious practices. *See Allah v. Menei,* 844 F.Supp. 1056, 1061 (E.D.Pa.1994).

Under the RFRA, a governmental entity may substantially burden a person's exercise of religion only if it demonstrates that the application of that burden is (1) in furtherance of a compelling governmental interest, and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000bb–1.

Although the district court recognized the renewal of the compelling-interest standard of review and the Act's retroactive effect, it was persuaded not to apply the new standard because Winters did not specifically base his claim on the RFRA. Because the RFRA is of general application in reviewing all free-exercise challenges to governmental action, we do not share the district court's view that it must be specifically alleged as the basis for a particular claim. This conclusion, however, does not affect the outcome of the present dispute.

Notwithstanding the degree of scrutiny engendered by the RFRA, the efficacy of re- strictions on the fundamental rights of inmates requires recognition of the competing interests at stake. *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459, 469 (1989); *Allah,* 844 F.Supp. at 1060. On the one hand, it is firmly established that convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison. *Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64, 70 (1967); *Allah,* 844 F.Supp. at 1060. The Supreme Court has required that "prisoners be accorded those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." *Monmouth County Correctional Inst. Inmates v. Lanzaro,* 834 F.2d 326, 333 (3d Cir.1987) (*citing Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393, 401 (1984)).

On the other hand, lawful incarceration brings about the necessary withdrawal or limitation of many significant privileges. *Thornburgh,* 490 U.S. at 408, 109 S.Ct. at 1879, 104 L.Ed.2d at 469–70; *Allah,* 844 F.Supp. at 1060. Some burden on the exercise of constitutional rights otherwise enjoyed arises from the fact of incarceration and from valid penological objectives—including deterrence of crime, rehabilitation of prisoners, and institutional security. *Id.* Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources all of which are peculiarly within the province of the legislative and executive branches of government. *Turner,* 482 U.S. at 84–85, 107 S.Ct. at 2259, 96 L.Ed.2d at 75–76.

The mere fact that the petitioner's religious practice is burdened by a prison setting does not mean that his requested accommodation in the present case must be granted. The State may justify an inroad on religious liberty by showing that it is the least restrictive means of achieving a compelling state interest in the operation of a penal system. *Thomas v. Review Bd.,* 450 U.S. 707, 714, 101 S.Ct. 1425, 1430, 67 L.Ed.2d 624, 631 (1981).

In the present case, Winters professes to hold the religious beliefs of an established religion known as the Church of Jesus Christ Christian consisting of at least 2000 members. His description of those beliefs as they affect his present claim were entirely

conclusory based on the result that he seeks to obtain. This description was lacking in sufficient detail to illuminate what the tenets of the religion in fact were. Winters' conclusory assertions were not documented from any source within the formal church organization.

In order to determine whether Winters' religious beliefs were excessively burdened, it is necessary to understand what those beliefs were. Consequently, we can readily understand why the district court concluded that it was unable to find from the evidence that Winters' adherence to the precepts of the Church of Jesus Christ Christian were in fact burdened by an integrated prison setting.

The district court's findings did not reject Winters' profession of sincerity in certain religious beliefs. It rejected his claim as to what those beliefs are. Winters' failure to settle the latter uncertainty by credible evidence necessarily defeated his right to prevail.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**