# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2608

_____

Kevin Terrance Hannon,                              *
                                                    *
                 Appellant,                         *
                                                    *   Appeal from the United States
         v.                                         *   District Court for the
                                                    *   District of Minnesota.
John Sanner; Jeffrey Oxton,                         *
                                                    *
                 Appellees,                         *
                                                    *
Will Brost; Vicki Landwehr,                         *
                                                    *
                 Defendants.                        *

_____

Submitted:  December 14, 2005
    Filed:   March 28, 2006

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Kevin Hannon appeals the district court's[1] grant of summary judgment in favor of police officers John Sanner and Jeffrey Oxton in Hannon's action filed pursuant to 42 U.S.C. § 1983.  We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

In 2000, Hannon was convicted in Minnesota district court of murdering his girlfriend. The Supreme Court of Minnesota reversed the conviction, holding that the trial court had erred in admitting evidence of a confession that Hannon made to Sanner and Oxton. The state supreme court held that because Hannon had unequivocally invoked his right to counsel in an interview with the officers, and had not knowingly, intelligently and voluntarily waived his right to counsel, the statements should have been suppressed. *State v. Hannon*, 636 N.W.2d 796, 807 (Minn. 2001).[2] Hannon was retried and convicted again of murder. This conviction

---

[2]The pertinent portion of the interrogation of Hannon by the officers was transcribed as follows:

Appellant: You think I killed her?
Detective: Did you – did you kill her because you were upset with her? Did you kill her because –
Appellant: You think I killed –
Detective: Kevin, it's not that we think that, we know that. We need to know why you did that. That's all, OK? Tha – it's no question here as to did you do that. That's not a question here, Kevin, OK? So –
Appellant: *Can I have a drink of water and then lock me up – I think we really should have an attorney.*
Detective: We'll get you a drink of water.
Appellant: I don't want to talk anymore please. (Pause). This is – this is really wrong. This woman has scars all over her from this Paul Mackey. He's callin' her 50 times a week.
Detective: 'Kay. If you want to talk to an attorney, you understand that we have to stop talking to you. OK? And – and then your side of this story will never be known. That's your choice. That's a choice you're making.
Appellant: So, that means what?
Detective: That means we're gonna put this thing and we're gonna convict you of murder.
Appellant: Of murder?
Detective: Absolutely. Yup.
Appellant: Convict me of murdering her?

*Hannon*, 636 N.W.2d at 800-01 (emphasis added by Minnesota court).

was affirmed by the Supreme Court of Minnesota. *State v. Hannon*, 703 N.W.2d 498 (Minn. 2005).

While awaiting retrial, Hannon brought an action against Sanner and Oxton, asserting a claim pursuant to 42 U.S.C. § 1983. Hannon's theory was that the officers, by failing to cease questioning of Hannon after he invoked his right to counsel, and by obtaining statements that were used against Hannon in his first trial, violated Hannon's rights under the rule of *Miranda v. Arizona*, 384 U.S. 436 (1966), and its progeny. The district court granted summary judgment for the officers and rejected Hannon's claim on several grounds. First, the court concluded that although the Supreme Court of Minnesota ruled that Hannon's confession should be suppressed, federal law requires an unequivocal request for counsel before officers are obliged to cease questioning, *see Davis v. United States*, 512 U.S. 452, 461-62 (1994), and that Hannon's statements to the officers were "too equivocal to constitute an invocation of the right to counsel under Federal law." (Add. at 13-14). Second, assuming, *arguendo*, that the officers obtained the statement in violation of the *Miranda* rule, the court held that Hannon's exclusive remedy was suppression of the statements, and that § 1983 does not provide a remedy for a violation of *Miranda*. Finally, the court held that the officers were entitled to qualified immunity, because their conduct did not violate a clearly established right of which a reasonable person would have known.

We find it unnecessary to opine whether the officers violated the *Miranda* rule during their interrogation of Hannon, because we agree with the district court that a litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards. Section 1983 provides a civil action against persons who, under color of law, cause a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." In considering whether a violation of the *Miranda* rule implicates "rights . . . secured by the Constitution" within the meaning of § 1983, we begin with our own precedent holding that because "[t]he reading of *Miranda* warnings is a procedural safeguard rather than a right arising out of the fifth

-3-

amendment itself, . . . the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc); *accord Brock v. Logan County Sheriff's Dep't*, 3 F.3d 1215, 1217 (8th Cir. 1993) (per curiam) ("The remedy for the alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action."). By their plain terms, *Warren* and *Brock* establish Hannon's remedy for an alleged violation of the *Miranda* rule was suppression of evidence, which he achieved through a ruling of the Supreme Court of Minnesota, not a damages action under § 1983.

Although the Supreme Court recently clarified that *Miranda* announced a "constitutional rule," *Dickerson v. United States*, 530 U.S. 428, 444 (2000), the decision in *Dickerson* did not undermine the continuing validity of the Court's precedent that the *Miranda* procedural safeguards are "not themselves rights protected by the Constitution," but instead "measures to insure that the right against compulsory self-incrimination [is] protected." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). The Court in *Dickerson* cited *Tucker* and other decisions characterizing *Miranda* as a "prophylactic rule," 530 U.S. at 438 & n.2, but concluded that *Miranda* nonetheless was, and always had been, a "constitutional decision," applied against the States, *id*. at 438, and giving "concrete constitutional guidelines" for courts to follow. *Id*. at 439. The Court defined *Miranda* as a "constitutional decision" announcing a "constitutional rule," but never described the *Miranda* safeguards as a "constitutional right" equivalent to the Fifth Amendment itself. We thus view *Dickerson* as maintaining the *status quo* of the *Miranda* doctrine, *see also United States v. Patane*, 542 U.S. 630, 640 (2004) (plurality opinion); *id*. at 644-45 (Kennedy, J., concurring in judgment), and hence leaving our decisions in *Warren* and *Brock* undisturbed as governing precedent. *See also United States v. Villalba-Alvarado*, 345 F.3d 1007, 1012 (8th Cir. 2003) (holding that "we are compelled," after *Dickerson*, "to remain faithful to the established exceptions under *Miranda*").

-4-

Nor do we perceive any material distinction between Hannon's claim and those analyzed in *Warren* and *Brock* based on the fact that evidence allegedly obtained in violation of *Miranda* was admitted against Hannon at trial (before the first conviction was reversed on appeal), while the disputed statements in *Warren* and *Brock* were never used against the suspects in a criminal case. The text of the Fifth Amendment is focused on the use in a criminal case of a defendant's compelled, self-incriminating testimony. *See Chavez v. Martinez*, 538 U.S. 760, 777 (2003) (Souter, J., concurring in the judgment). Statements obtained in violation of the *Miranda* rule are not "compelled," and the use of such statements in a criminal case does not amount to compelled self-incrimination. The admission at trial of statements obtained in violation of *Miranda* thus does not implicate the core of the Fifth Amendment, and it does not result in the deprivation of a "right[ ] . . . secured by the Constitution" within the meaning of § 1983, any more than does the eliciting of the statements in the first place. *See Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976) ("Even assuming that Bennett's confession should have been excluded from the evidence at his trial, the court cannot find that any rational argument can be made in support of this civil rights claim for damages.").

We are fortified in this view by the post-*Dickerson* opinions in *Chavez v. Martinez*. A four-Justice plurality in *Chavez* concluded that a police officer's "failure to read *Miranda* warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action," *id.* at 772, and a fifth Justice explained that "[t]he exclusion of unwarned statements, when not within an exception [to the *Miranda* rule], is a complete and sufficient remedy." *Id.* at 790 (Kennedy, J., concurring in part and dissenting in part). This led Justice Scalia to summarize that "[s]ection 1983 does not provide remedies for violations of judicially created prophylactic rules, such as the rule of *Miranda v. Arizona*, as the Court today holds." *Id.* at 780 (Scalia, J., concurring in part in the judgment) (internal citation omitted). The absence of a criminal case in which Martinez was compelled to be a "witness" against himself was invoked to defeat his "core Fifth Amendment claim" based on statements actually "compelled," *id.* at 772-73 (plurality opinion), but a civil claim

-5-

based on the failure to read *Miranda* warnings was rejected simply because a breach of the *Miranda* rule does not give rise to a § 1983 action. *Id*. at 772 (citing *Warren*, 864 F.2d at 1442); *id.* at 790 (Kennedy, J., concurring in part and dissenting in part).

In summary, Hannon's action is premised on an alleged violation of the constitutional rule announced in *Miranda* and subsequent decisions. The remedy for any such violation is suppression of evidence, which relief Hannon ultimately obtained from the Supreme Court of Minnesota. The admission of Hannon's statements in a criminal case did not cause a deprivation of any "right" secured by the Constitution, within the meaning of 42 U.S.C. § 1983.

The judgment of the district court is affirmed.

_____