# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1645

_____

Thomas Matthew Rose,           *
                                              *

              Appellant,          *
                                               *    Appeal from the United States

    v.                            *    District Court for the
                                               *    Western District of Arkansas.

City of Mulberry, Arkansas,    *
                                               *

             Appellee.           *

_____

Submitted:  January 18, 2008
Filed:  July 9, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Thomas Matthew Rose sued the city of Mulberry, Arkansas, under 42 U.S.C. §§ 1983, 1988, for violating his Fourth Amendment right to be free from unreasonable searches and seizures.  Rose appeals from the adverse jury verdict on his claim, arguing that the district court[1] erred in several of its rulings.  We affirm.

As Rose was passing through Mulberry on Interstate Highway 40 on August 1, 2005, Mulberry police officer Robert Limbocker stopped him for driving twenty-two

_____

[1]The Honorable Robert Dawson, United States District Judge for the Western District of Arkansas.

miles per hour over the speed limit. Rose denied Limbocker's request to search his vehicle. Two other officers arrived with a police dog, which did not alert on Rose's vehicle. Police dispatch notified Limbocker that there was an outstanding California warrant on Rose, though California apparently did not want him extradited. Limbocker arrested Rose for reckless driving and impounded his vehicle, whereupon the other officers departed. Limbocker then searched Rose's vehicle and found no contraband. Limbocker took Rose to the Van Buren, Arkansas, jail, from which he was released on bond after having been in custody for approximately two-and-one-half hours. The charges against him were subsequently dismissed.

Rose's suit is based on his claim that because Limbocker was without jurisdiction to arrest him on Interstate 40, the stop and subsequent search violated the Fourth Amendment. See Bissonette v. Haig, 800 F.2d 812, 816 (8th Cir. 1986) (en banc).

At the time of Rose's arrest, Arkansas law provided that "[m]unicipal police are prohibited from patrolling limited access highways except as may be authorized by the director [of the Department of Arkansas State Police]." Ark. Code Ann. § 12-8-106(h)(1) (2005). Mulberry had not received such permission (indeed, its request for such permission was specifically denied).

Limbocker had probable cause to detain and arrest Rose because he witnessed Rose commit a traffic violation. See Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001); Whren v. United States, 517 U.S. 806, 819 (1996); Sherbrooke v. City of Pelican Rapids, 513 F.3d 809, 813 (8th Cir. 2008). Thus, the determinative issue is whether an arrest by a city police officer outside of his jurisdiction but made with probable cause violates the Fourth Amendment as a matter of law.

Our cases on this issue have been mixed. In Bissonette, we noted in dicta that "a search unauthorized by state law would *ipso facto* violate the Fourth Amendment."

800 F.2d at 816. We have held or made statements to that effect in other cases. E.g., United States v. Belcher, 288 F.3d 1068, 1070 (8th Cir. 2002) (holding that a violation of state law made the action presumptively unreasonable); Brock v. Logan County Sheriff's Dept., 3 F.3d 1215, 1216 (8th Cir. 1993) (per curiam); Cole v. Neb. State Bd. of Parole, 997 F.2d 442, 444. (8th Cir. 1993). Nevertheless, we have also held that "[c]onduct by a government official that violates some state statutory or administrative provision is not necessarily constitutionally unreasonable." Cole v. Bone, 993 F.2d 1328, 1334 (8th Cir. 1993). This position, too, has support within our cases. E.g., Abbott v. City of Crocker, Mo., 30 F.3d 994, 997 (8th Cir 1994); United States v. Baker, 16 F.3d 854, 856 n.1 (8th Cir. 1994).

Whatever the state of our circuit law has been on this question, the Supreme Court recently held that a police officer who makes an arrest that is based on probable cause but who is prohibited by state law from doing so does not violate the Fourth Amendment. Virginia v. Moore, 128 S. Ct. 1598, 1607 (2008). Moore was arrested for the misdemeanor of driving with a suspended license despite the fact that in the circumstances of his case Virginia law authorized only the issuance of a summons. The Court held that although a state may provide more protection from warrantless arrests than the federal Constitution, that enhanced protection does not govern the scope of the protections afforded by the Fourth Amendment. Id. at 1606-07. If state laws could define the contours of the Fourth Amendment, its protections would "vary from place to place and from time to time." Id. at 1607 (quoting Whren, 517 U.S. at 815).

The Court noted that this rule was implicit in its earlier decisions. Id. at 1604-05. In Whren, the warrantless arrest based on probable cause was upheld even though plainclothes officers in unmarked cars were not generally permitted by the District of Columbia's police regulations to enforce traffic laws. 517 U.S. at 815. "Just as a search authorized by state law may be an unreasonable one under [the Fourth Amendment], so may a search not expressly authorized by state law be justified as a

-3-

constitutionally reasonable one." Cooper v. California, 386 U.S. 58, 61 (1967). In Atwater, the Court held that:

> [T]he standard of probable cause "applie[s] to all arrests, without the need to 'balance' the interests and circumstances involved in particular situations." If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.

532 U.S. at 354 (citation omitted) (quoting Dunaway v. New York, 442 U.S. 200, 208 (1979)). Concluding its discussion of the officers' authority to make the arrest, the Court held that "warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." Moore, 128 S. Ct. at 1607.

Limbocker lacked the authority under Arkansas law to make traffic stops and arrests on the Interstate. Nevertheless, because he had probable cause to arrest for the offense of reckless driving committed in his presence, no Fourth Amendment violation occurred, with the result that Rose's cause of action fails as a matter of law.

Because our holding on this issue renders moot the other issues raised by the appeal, we need not discuss them.

The judgment is affirmed.

_____