NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009[*]
Decided March 25, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2046

| | |
|---|---|
| JAMES S. DALY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 05-CV-276 DRH |
| | |
| RANDY J. DAVIS and PATRICK | David R. Herndon, |
| PATTERSON, | *Chief Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

James Daly, a prisoner formerly housed at the federal penitentiary in Marion, brought this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Religious Freedom Restoration Act, *see* 42 U.S.C. § 2000bb-1, against the Director of the United States Bureau of Prisons and Marion's warden and chaplain. He claimed that his rights to due process and free exercise of religion were violated when the defendants suspended him from the prison's kosher-food program. The

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

district court dismissed Daly's due process claim, dismissed the Director as a defendant, and granted summary judgment to the remaining defendants. We affirm.

Daly enrolled in 2002 in the BOP's religious diet program, which provides special meals to prisoners whose religious needs prevent them from selecting from the food generally offered by the prison kitchen. Participants agree to purchase and consume only religiously certified foods; those who violate the rules are suspended while the chaplain reevaluates their suitability for the program. *See* 28 C.F.R. § 548.20; Bureau of Prisons Program Statement 5360.08. Daly was suspended three times from the program because he was observed purchasing and eating non-kosher food and trading his kosher tray for a regular non-kosher tray. He was reinstated each time.

Seeking injunctive and declaratory relief and damages, Daly claimed that prison officials (1) violated the First Amendment and RFRA because his suspensions imposed a substantial burden on his religious observance and were not the least restrictive way of furthering a compelling governmental interest, and (2) infringed upon his due process rights by suspending him from the program without a hearing.[**] At screening, *see* 28 U.S.C. § 1915A, the district court dismissed his due process claim for failure to identify a protected liberty interest. Citing *Sandin v. Conner*, 515 U.S. 472 (1995), the court explained that Daly's suspension from the program did not amount to an atypical or significant hardship. The court also noted that Daly had not raised any specific allegations against the BOP Director, and so it dismissed him as a defendant from the action.

The parties filed cross-motions for summary judgment on the First Amendment and RFRA claims, and the district court granted summary judgment to the defendants. The court analogized Daly's case to *Brown-El v. Harris*, 26 F.3d 68 (8th Cir. 1994), and ruled that Daly failed to establish that the defendants had substantially burdened his religious exercise, as required under either theory. In *Brown-El* the Eighth Circuit held that a Muslim inmate's right to exercise his religion was not burdened when, having broken the Ramadan fast, he was removed from a program providing evening meals to those fasting during daytime. *Id.* at 69-70. The Eighth Circuit reasoned that the Ramadan program did not substantially burden religion because it limited only one activity, daytime eating, and that activity was not religious in nature. *Id.* Here, too, ruled the district judge, the kosher-food program prohibited Daly only from consuming or purchasing non-kosher food—activities that also are not religious in nature.

---

[**]The defendants contend that the appeal is moot because Daly is no longer housed at Marion and Patterson and Davis no longer work there, but Daly's request for damages keeps his case alive. *See Cintas Corp. v. Perry*, 517 F.3d 459, 466, n. 3 (7th Cir. 2008).

Daly argues for the first time on appeal that there are fact issues sufficient to prevent summary judgment for the defendants: whether he agreed to the program's terms, given that he never signed the Religious Diet Interview form; and whether the prison guards testified truthfully that they saw him violating program rules by eating non-kosher food and bartering his kosher tray for a non-kosher tray. However, Daly did not present these arguments to the district court, and so they are forfeited here. *See Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007). In any event, the contentions are frivolous. Daly's argument regarding the unsigned form is illogical: he objects to his suspension from a program in which he now denies that he ever enrolled. As for the prison guards' testimony, any disagreement is immaterial because Daly concedes that he repeatedly broke the program's rules by buying non-kosher food from the commissary.

Daly also renews his contention that due process entitled him to a hearing before each of his month-long suspensions from the program, but identifies no specific flaw in the district court's dismissal of this claim. Indeed, the district court rightly determined that short-term limitations on a prisoner's religious observance are not so atypical or significant as to constitute deprivation of a liberty interest, and thus do not trigger procedural due process protections. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (ruling no liberty interest where prisoner prevented from attending religious services for 37 days); *see also Arce v. Walker*, 139 F.3d 329, 336-37 (2nd Cir. 1998).

Lastly, Daly challenges the district court's grant of summary judgment on his RFRA claim. He argues that the court should have denied defendants' motion for summary judgment because they did not establish that his suspension was the least restrictive means of furthering a compelling governmental interest. *See* 42 U.S.C. § 2000bb-1. But this argument "puts the cart before the horse": the defendants didn't need to establish that suspension was the least restrictive means of furthering their interest until Daly first showed that suspension from the program substantially burdened his religious exercise. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1076 (9th Cir. 2008); *see also Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008) (applying same test under Religious Land Use & Institutionalized Persons Act); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 631 (7th Cir. 2007) (Free Exercise Clause). And we agree with the district court that Daly failed to establish this threshold factor. A government action substantially burdens religious exercise if it prevents or inhibits religiously motivated conduct or compels conduct contrary to religious beliefs. *See Koger*, 523 F.3d at 798. Here, as the district court observed, the only prohibited conduct—the purchase or consumption of non-kosher food—is not religiously motivated. Neither does the program compel conduct contrary to religious beliefs: Daly was forced to eat the non-kosher meals only because he turned down the kosher ones. Because the program's rules do not substantially burden Daly's exercise of

religion, the district court did not err by failing to consider whether suspension was the least restrictive means of furthering a compelling governmental interest.

Accordingly, we AFFIRM the judgment of the district court.